## No. 4666.

### William C. Harrison vs. W. L. Jurgielewiez.

In an action for tort a wrongful act at another time and place from that set up in plaintiff's petition can not be pleaded in reconvention.

The court *a qua* did not err in requiring defendant, before going into trial, to elect between the plea of justification and the general denial, and to base his defense solely on the one or the other, the two defenses being inconsistent. The defendant elected the plea of justification.

The court below did not err in refusing to admit testimony of witnesses and publications of newspapers in regard to the malicious conduct and feeling of plaintiff toward the defendant. The testimony was irrelevant. The previous conduct and the feelings of plaintiff toward the defendant were matters entirely foreign to the issue presented by the pleadings.

Defendant has utterly failed to justify his conduct in the use of his slanderous and libelous words.

APPEAL from the Fifth District Court, parish of Orleans. *Cullom*, J. Jury trial. *G. L. Hall* and *Joseph P. Hornor*, for plaintiff and appellee. *P. J. Kramer*, *Gabriel Fernandez*, and *Braughn & Buck*, for defendant and appellant.

WYLY, J. Plaintiff, a druggist at the corner of Magazine and Thalia streets, sues the defendant, a druggist on the opposite corner, for twenty thousand dollars damages for slander and libel. He alleges that on the night of the thirtieth of July, 1872, the large and handsome gilt mortar on the post in front of defendant's drug-store, used as a sign, was ruined by having some acid or discoloring matter thrown on it, which gave it a very ridiculous appearance; that petitioner had nothing to do with committing this nuisance and knew nothing about it until the next morning, when his attention was called to it and when the defendant accused him of the act and told John P. Becker, an old citizen, that petitioner had thrown acid or some discoloring matter on said gilt mortar with intention to injure it, and make it unsightly and thereby injure him in his business and vex and annoy him; that he has repeated this accusation to many citizens, showing them the unsightly mortar; that on the first of August, 1872, defendant nailed or fastened to the post on which

the mortar sits and just under it two large cards facing on each street, on which was written in a large legible hand, that could be read by persons passing by either on foot or in the cars, these words: "This malicious mischief is done by my jealous neighbor;" that these cards remained so posted until about the fifteenth of September, when, by a severe storm, they were washed or worn off, and defendant again fastened or caused to be fastened at the same place similar cards containing these words: "This mischief was done by my jealous neighbor," and they remained posted until this suit was brought. Petitioner alleges that in this very public place thousands of persons have had their attention called to this tarnished and unsightly sign, and great numbers of persons have been told by the defendant that it was the malicious and mischievous work of petitioner, to his great injury and the defamation of his character, causing great injury to his business and bringing discredit and the ill-will of many persons, thereby injuring his character as a good and peaceable citizen; that said slanderous and libelous words have caused him damages in the sum of twenty thousand dollars.

Defendant's answer contained a general denial, a plea in justification, and a reconventional demand for forty thousand dollars damages for slanderous words and publications, whereby it is alleged plaintiff injured the business and character of defendant.

In an action for tort a wrongful act at another time and place from that set up in plaintiff's petition can not be pleaded in reconvention. King vs. Ballard, 10 An. 557.

Furthermore, defendant before the trial discontinued the reconventional demand.

We think the court did not err in requiring defendant, before going into trial, to select between the plea of justification and the general denial and to make his defense solely on the one or the other, the two defenses being inconsistent, and the bill of exceptions to the ruling of the court was not well taken.

The defendant elected the plea of justification. The court, on the verdict of a jury, gave judgment for plaintiff for five hundred dollars, and defendant has appealed.

After a careful examination of the evidence we see no cause to disturb the verdict of the jury and the judgment thereon.

We think the court did not err in refusing to admit testimony of witnesses and publications of newspapers in regard to the malicious conduct and feeling of plaintiff toward defendant "for the purpose of showing that the injury to the mortar could have come from no other quarter in his, defendant's opinion." The testimony was irrelevant. The previous conduct and the feelings of plaintiff toward the defendant

were matters entirely foreign to the issue presented by the pleadings. The evidence shows that plaintiff did not commit the disgraceful act of which he was accused, and defendant has utterly failed to justify his conduct in the use of the slanderous and libelous words. See 25 An. 170; 26 An. 313.

Judgment affirmed.