No. 12,836.

DAN SIMONS vs. W. A. J. LEWIS.

SYLLABUS.

51  327
104  182

1st. In suits for damages for slander, the defendant is entitled to the modifica-tion the words receive from the accompanying statements showing the meaning intended and understood by those to whom the words were ad-dressed. Newell on Slander, p. 292, et seq.

2nd. On the issue of malice in such cases, as well as to mitigate damages, testi-mony is admissible to show the occasion, the sense of wrong and other cir-cumstances attending and prompting the expressions alleged to be slander-ous. Ibid; 8th Ann. 130; 15th Ann. p. 48.

3rd. Though the defence of justification in action for slander fail, the defendant is entitled to the mitigation of the damages arising from the fair interpre-tation of all he said and the circumstances under which he used the words for which he is sought to be held. Ibid; 2nd Greenleaf, S. 425.

ON REHEARING.

Utterances against a person, while in a state of great excitement, by one who thinks that he has been wronged by that person are not, in law, justifiable, but the circumstances under which they were made may be considered in fixing damages.

ON APPEAL from the Third Judicial District Court for the parish of Lincoln. *Barksdale, J.*

*W. A. Van Hook* and *J. B. Holstead* for Plaintiff and Appellee.

*Price & Barksdale* and *Graham & Pearce* for Defendant and Appellant.

Argued and submitted June 1, 1898.
Opinion handed down June 13, 1898.
Rehearing granted June 28, 1898.
Argued and submitted on rehearing January 23, 1899.
Opinion handed down February 6, 1899.

The opinion of the court was delivered by

MILLER, J. The defendant appeals from the judgment condemning him to pay plaintiff five hundred dollars damages for slanderous words charged in the petition to have been applied by defendant to plaintiff. The plaintiff answering the appeal, prays that the damages be increased.

The words used by defendant alleged in the petition are that plaintiff was a thief, rascal, had stolen from defendant and ought to be in the penitentiary, and the repetition of these and similar expressions is charged. The petition alleges malice; humiliation of plaintiff and his family, injury to his reputation and with the other usual allegations in suits of this character. Judgment is sought against defendant for three thousand, two hundred and fifty dollars. The defendant first excepted that the petition discloses no cause of action on the grounds, the words are not actionable; that plaintiff failed to allege good character or that he had any business or profession: and hence the petition does not show how plaintiff was injured by the

words the basis of his action. The exceptions overruled, the answer with the general issue denied that the defendant had said that plaintiff stole; admits the words that he had said plaintiff as good as stole defendant's goods, but the answer avers those words were used in reference to business transactions of defendant and plaintiff, *i. e.* that defendant had furnished plaintiff with supplies to make his crop in 1896; that plaintiff had made way with his crop trying to place it beyond defendant's reach and "beat" defendant out of the money due him for the supplies, and that plaintiff had tried to buy from defendant a wagon in the same way, but had been refused credit; the answer averred that all the words, the basis of this suit, were accompanied with the statements of the conduct of plaintiff, in parting with his crop without paying for the supplies, and of his attempt to buy the wagon, and that the words were understood by those to whom they were addressed as referring to this conduct of plaintiff, and to the then pending law suit of plaintiff's wife to establish her rights to his property to the prejudice of defendant as the husband's creditor; the answer insists that the words used in the connection stated, and so understood, were not actionable; but the answer goes on to admit that defendant had said plaintiff was a thief, rascal, ought to be in the penitentiary, but averring the truth of these words, alleges various acts of the plaintiff as supporting the defendant's charges.

In our view the exception that the words attributed to defendant imputing no crime are not actionable, unless actual damages are proved, was properly overruled. The subject came under discussion in an early case, the decision in which was that if the words imputed moral turpitude, though no crime, they furnished a cause of action and authorized damages without proof. Our jurisprudence since has been in accordance with the view then expressed. Miller vs. Holstein, 16th La. 389; Feray vs. Foote, 12th An. 894.

On the other points raised by the exception, we think the allegations that the plaintiff has been injured in his reputation; that he and his family have been subjected to humiliation and mortification, and have thereby sustained damages, must be deemed sufficient without the express averment that plaintiff enjoyed a good character, and without any further statement of the method of his injury.

Words spoken of another alleged to be slanderous to his injury, are to be construed in connection with all that was said, and with due regard to the occasion and circumstances prompting the utterance.

It is shown that in using the expressions in reference to plaintiff the defendant stated the conduct of the plaintiff in disposing of his crop without paying for the supplies, and made reference to the litigation of plaintiff's wife to establish her right on his property to defendant's prejudice. There is, we believe, no dispute that defendant did furnish the supplies, or that plaintiff, without paying for defendant's supplies, disposed of the crop, nor any dispute as to the wife's suit. We are satisfied that those to whom the defendant used the expressions, understood the expressions as intended only to convey defendant's appreciation of plaintiff's conduct in respect to his crop and the suit of his wife. The words alleged to have caused damage to plaintiff, must, we think, be deemed modified by that meaning plainly intended and understood by those to whom the words are addressed. In this view the injury to plaintiff is not to be measured by the literal force of the words, but by the meaning intended to be conveyed. The law, too, in connection with the element of malice, makes allowance for the irritation arising from the sense of wrong under which the words are uttered. The qualification the slanderous words thus receive, and which tends to exclude or mitigate damages, is recognized in the text books and in our decisions. Newell on Slander, p. 292, 305, *et seq.;* Gilbert vs. Palmer, 8th An. 130; Artieta vs. Artieta, 15th An. 48. Our decision must, however, in the main, be controlled by a feature apart from the qualification to which the defendant is entitled and is allowed.

The defendant, after the admission and explanation of some of the expressions attributed to him, plead the truth of the terms thief, rascal, and that he ought to be in the penitentiary, applied to the plaintiff, and in support of the justification thus pleaded, the answer alleged various acts of plaintiff entirely disconnected with his conduct that prompted the expressions, the basis of this suit. While justification is not confined to the particular acts that led to the expressions alleged to be slanderous, it is none the less true, that if the justification is not sustained by proof, there must be a judgment for damages. Such judgment is the necessary consequence of the failure of the defence. The English rule is that justification must be supported by the same testimony requisite to sustain a conviction for the crime imputed by the slanderous words, because under their system the justification sustained by proof, serves as an indictment for the crime.

Our rule exacts only the testimony requisite to discharge the burden of proof in civil cases (Newell, p. 795, S. 43). We have examined the proof submitted in support of this plea of justification. The defence refers to conduct of the plaintiff in the past, and in argument it is contended that the acts relied on to justify defendant, belonged to the past, have been revived by him to sustain charges directed against the defendant's conduct of the present. Slander, however, is supposed to affect a man's reputation, and that is based on his past as well as present conduct. Then, too, special acts may be proved to sustain the general charge, and this case discloses no such lapse of time as would exclude the defence, if there is such limitation of time. But the proof, in our opinion, does not support the defendant's charges. One of these charges that plaintiff, in 1892, took possession of, and sold the cow of a neighbor, not accounting to him for the proceeds, is met by testimony to the effect the sale was authorized by the son of the neighbor, communicated to defendant, under which he acted. With respect to another cow alleged to have been stolen by plaintiff, while there is testimony tending to sustain the charge, there is testimony directly to the contrary. So with reference to the allegation of defendant, that plaintiff appropriated the fence rails of another, the testimony produced by defendant is not, to our minds, satisfactory, while there is positive negative testimony. Testimony of other acts relied on by defendant to sustain his defence were excluded, because not pleaded. We think that in the justification of the general charge of crime, by proof of particular acts, it is requisite that plaintiff should have notice by suitable allegations that such acts would be relied upon by defendant (Newell, p. 650). Other acts of plaintiff, the subject of testimony we understand, are not pressed here. Without going into details of the testimony offered to support the justification, we deem it sufficient to state our conclusion, after a careful consideration, that the testimony fails to establish the charges. Of this conclusion was the district judge, before whom, without a jury, the case was tried.

While the defence of justification fails, we do not understand that the unsuccessful defence affects the measure of damages. The cause of action is not the defendant's pleadings, but the words uttered by him, the basis of the petition. Nor is the defendant precluded by the plea of justification from urging in mitigation of damages, the circumstances and occasion that led to the utterance of the words (2 Greenleaf, S. 426). We thus have the case presented of damages

claimed for words literally imputing crime to the plaintiff, but intended and understood as referring to defendant's conduct, not criminal. We have, too, on the issue of malice, the testimony of the irritation and resentment under which the words were uttered. The law does not exact there should be the exact basis for the angry feeling that prompts the utterance, but will, according to the circumstances, refer the utterance to the resentment of the moment instead of deliberate malice. The judgment in this case is for five hundred dollars, not resting, on our appreciation of this testimony, on any proof of actual damage. While the law and public policy require that slander shall be repressed, and for that purpose allows damages, on the theory of damage to the party the subject of the slanderous expressions, we do not think, under the circumstances of this case, that damages far beyond any conceivable injury should be given. In our view the judgment should be reduced to three hundred dollars.

It is therefore ordered, adjudged and decreed, that the judgment of the lower court be amended so as to allow the plaintiff three hundred dollars instead of five hundred dollars damages, and as thus reduced and amended the judgment of the lower court be affirmed, the costs of appeal to be borne by plaintiff and appellee.

## ON REHEARING.

BREAUX, J. Defendant and appellee avers that this court erred in allowing damages to plaintiff in the sum of five hundred dollars.

The judgment rendered was annulled, and a rehearing granted in order that the court might correct the decree and render a decree in accordance with the views expressed in the opinion; it is so manifest that the amount heretofore allowed is not the amount intended by the organ of the court and by the court; that it only remains for us to make a change by reducing the amount from five hundred to one hundred dollars to make it conform with our views, that nominal damages only should be allowed.

We have reconsidered the issues presented in this case after a second hearing, and we, a second time, arrived at the conclusion that defendant's charges against the plaintiff in a moment of anger, because of plaintiff's failure to settle with him as he should have settled, are not, as far as the testimony shows, warranted by the facts.

The district judge, after having reviewed the facts, said in his opinion: "In fact, after reading over this evidence carefully, I conclude that Simons' conduct, in regard to some of these transactions, is not above suspicion; there is not a preponderance of evidence that would justify me in saying that Simons is proven to be a thief and ought to be in the penitentiary. Defendant has failed to prove, by a preponderance of evidence, the facts relied on as a justification, and it follows that plaintiff is entitled to damages. How much? No special or actual damage is proven. I believe defendant uttered these words in a moment of exasperation and under circumstances calculated to exasperate him—as stated once before he deservedly stands high and I do not believe he would deliberately wrong any man. I am satisfied that nominal damages would be sufficient to meet the demands of justice in this case;" citing a number of authorities in support of this view.

We agree with the learned judge of the District Court. In our judgment, defendant was unnecessarily hasty in his denunciation (of one who had been his debtor for many years) even on the assumption that he was sorely disappointed because of some dilatoriness as a debtor or intentional default in his promise to pay. There are, however, mitigating circumstances which were weighed by us heretofore, and to which it is our attention to give effect.

For reasons assigned it is ordered, adjudged and decreed, that the decree heretofore rendered is annulled, avoided. The law and the evidence being with plaintiff, it is ordered, adjudged and decreed, that the judgment of the District Court is affirmed at appellant's costs.