## No. 13,555.

### ALVA SIMPSON vs. F. F. ROBINSON.

#### SYLLABUS.

1. Utterances against a person while in a state of great excitement by one who thinks he has been wronged by that person, are not in law justifiable, but the circumstances under which they were made may be considered in fixing damages.

2. But this rule of law is liable to abuse and in this instance was carried much too far by the jury. The amount of their verdict ($25.00) is held entirely inadequate—to be a trifling with justice.

3. When plaintiff appealed to the courts against slander and abuse, his case being made out, he was entitled to substantial redress.

A PPEAL from the First Judicial District, Parish of Caddo— Land, J.

*Holbert & Barret* for Plaintiff, Appellant.

---

*Wise & Herndon* and *Henry J. Shepard* for Defendants, Appellees.

The opinion of the court was delivered by

BLANCHARD, J. This is an action for slander and defamation of character. Damages are laid in the sum of five thousand dollars.

The grounds of the action are that defendant, in a public place and in a public manner, in the presence and hearing of ten or twelve persons, applied to the plaintiff opprobrious epithets, using this language:—

"I will mash your d—d head; you G—d d—d cowardly son of a b—h and d—d thief."

Malice is charged, and humiliation, mortification and injury are averred.

Defendant, in his answer, does not deny the use of harsh and abusive terms applied to the plaintiff, but sets up as justification, or at least as mitigating circumstances, that he considered himself a partner with plaintiff in the business of conducting a steam laundry, the place of location of which was the scene of the trouble between them, and being a partner he had the right of access to the premises; that he was constantly in the habit of going there and on the day when the language was used, which is made the basis of this action, had gone into the laundry, when he was ordered out by plaintiff. Whereupon he lost his temper and applied to him epithets of the character complained of.

He denies that plaintiff was injured in his feelings or reputation, or that he was humiliated.

The case was tried by jury and a verdict found for plaintiff, but only the sum of twenty-five dollars was awarded as damages.

From the inadequacy of this amount, plaintiff appeals.

The evidence establishes fully that the language charged in the petition was applied to plaintiff by the defendant. It was of a nature certainly to humiliate, degrade and injure plaintiff in his reputation. It was slanderous and actionable in character.

With regard to the plea of justification, even if defendant were a partner in the business and had been ordered off the premises by his co-partner, this did not warrant his resort to the abuse he heaped upon plaintiff.

But defendant was not a partner. In a civil suit between them where partnership *vel non* was an issue, the judgment of the court went against the defendant.

Defendant may have, at the time, believed himself a partner and that he had the right to be on the premises.

Naturally, therefore, he became greatly irritated when ordered off, and under the impulse of anger denounced plaintiff.

Utterances against a person while in a state of great excitement by one who thinks he has been wronged by that person, are not in law justifiable, but the circumstances under which they are made may be considered in fixing damages. Simons vs. Lewis, 51 La. Ann. 327; Caspar vs. Prosdame, 46 La. Ann. 36; Taylor vs. Ellington, 46 La. Ann. 375.

But this rule of law seems to have been carried much too far by the jury. The amount of their verdict is entirely inadequate. It is trifling with justice.

The plaintiff enjoyed a good standing in the community where he lived. He was shown to be honest and industrious and bore a good name. He had established a character for commercial integrity and his credit was good.

When he appealed to the courts for redress against injuries, his case being made out, he was entitled to substantial recognition. It was a case of "asking for bread" and being "given a stone."

Every man has a right to be protected from defamation as much as from assault and bodily harm. His reputation is his property and more valuable than property.

To maintain one's good name unimpaired is the anxious concern of all who possess good names.

Plaintiff when denounced and vilified did not take into his own hands the redress of his grievance. He appealed to the courts. This is what the law counsels.

The courts shall be open and every person for injury done him shall have *adequate* remedy. Such is the mandate of the organic law. It means substantial redress—not the mere form of it.

Making due allowances for the circumstances pleaded by defendant in mitigation, we yet think the judgment in this case should be increased to five hundred dollars.

Accordingly, it is ordered, adjudged and decreed that plaintiff do have and recover of the defendant the sum of five hundred dollars with legal interest from the date of the judgment appealed from, to-wit:— the 14th of March, 1900, together with costs of both courts.

Rehearing refused.