———o———

## No. 3548.

### (Court of Appeal, Parish of Orleans.)

### MAX BRAUN vs. DR. M. V. RICHARD.

Appeal from Civil District Court, Division "C."

Rufus E. Foster, for Plaintiff and Appellant.

K. V. Richard, for Defendant and Appellee.

1. Utterances against a person, while in a state of great excitement by one who thinks he has been wronged by that person, are not in law justifiable, but the circumstances under which they were made may be considered in fixing damages.

2. Under Art. 2315 R. C. C., defendant must respond in damages, and under Art. 1934, no proof of special damage is required.

DUFOUR, J. The plaintiff sues defendant for calling him "a- G-d d-m s-n of a b." Two witnesses only testify: Braun, who says that the abuse was without provocation, and Dr. Wallace Wood, who says a controversy arose between the litigants about the cancellation of a policy of insurance and that Braun rudely intruded on a conversation between Wood and the defendant. He adds that the epithet was applied after Richard had twice asked Braun if he wished to know his opinion of him and had been twice answered affirmatively.

44

Dr. Wood's version appears to have been accepted by the district judge and we must therefore conclude that Braun offered provocation sufficient to anger the defendant. But neither this provocation nor the plaintiff's request to know defendant's opinion of him can excuse the use of the most opprobrious epithet known to our language. Had he answered by applying an epithet relevant to his sense of resentment at having been wronged in business, the plaintiff's request might, perhaps, exonerate defendant, but the use of the filthy and disgusting language mentioned was unwarranted and unjustifiable.

"Utterances against a person while in a state of great excitement, by one who thinks he has been wronged by that person, are not in law justifiable, but the circumstances under which they are made may be considered in fixing damages." 104 La. 180.

Under Art. 2315, R. C. C., defendant must respond in damages, and under Art. 1934, no proof of special damage is required. 16 La. 75.

Common law rules on this subject find no place in our jurisprudence.

Plaintiff's sole claim in his testimony is for the humiliation he suffered; considering that only Dr. Wood was present and no publicity resulted, we think adequate and substantial redress will be afforded by allowing the plaintiff $100.

Section No. 2618 of our docket, Kuchenthal vs. Delaney.

Judgment reversed, and it is now decreed that plaintiff recover of defendant the sum of $100. with legal interest from date of judgment below, to-wit: June 13th, 1904, defendants to pay costs of both courts.