(67 South. 552)

No. 20089.

## DELAMBRE v. KYES.

(Feb. 8, 1915.)

*(Syllabus by the Court.)*

LIBEL AND SLANDER ⬗101—DAMAGES—PRESUMPTION.

The law presumes malice upon the one hand, and injury upon the other, where slanderous words are used, and damages will be awarded in a substantial amount, but not for an amount too great for the defendant to bear.

[Ed. Note.—For other cases, see Libel and Slander, Cent. Dig. §§ 150, 273, 275–280; Dec. Dig. ⬗101.]

O'Niell, J., dissenting.

Appeal from Twenty-Fourth Judicial District Court, Parish of East Feliciana; Jos. L. Golsan, Judge.

Action by Constance Delambre against Mrs. Maggie Wedge Kyes. From a judgment for plaintiff for less than claimed, she appeals. Amended and affirmed.

Justin C. Daspit, of Baton Rouge, for appellant. Kilbourne & Walker, of Clinton, for appellee.

SOMMERVILLE, J. Plaintiff appeals from a verdict and judgment in her favor in the sum of $25 against the defendant for damages for slanderous charges made by the defendant against her in the presence of others. She alleges that defendant called her a low-down thief. Defendant filed a general denial; and she has not appealed from the judgment, or answered the appeal of the plaintiff in this court.

The evidence supports the allegations contained in the petition. The record contains no evidence in mitigation, and plaintiff asks that the judgment be increased to $2,500, as originally prayed for.

Plaintiff having appealed to the court against the slander and abuse proven on the trial of the cause, and having made out her case, is entitled to substantial redress. The judgment for $25 is too small.

Plaintiff may have failed, in the sense of the common-law rule, to show any special damage growing from the slanderous charges of defendant; yet as we say in Miller v. Holstein, 16 La. 389, she has shown that she enjoys a good character in the community in which she lives, and it is difficult to come to the conclusion that there was no damage shown.

"If there be any intellectual enjoyment higher than that of possessing a good name, or gratification greater than the respect of our neighbors, they must be looked for in matters out of the reach of the libeler. Such a charge as is stated in the petition is in itself presumption of damage. In this view, the law has left the damages to the jury, subject to the revision of this court."

In the case of Fatjo v. Seidel, 109 La. 699, 33 South. 737, we say:

"When plaintiff appealed to the courts against slander and abuse, his case being made out, he was entitled to substantial redress." Simpson v. Robinson, 104 La. 180, 28 South. 908.

There remains for consideration the amount of the increase to be allowed in the judgment. It is impossible to fix upon any particular sum of money which would, altogether, make good the injury which has been inflicted by the defendant upon the plaintiff. A favorable judgment in the case is a vindication of the plaintiff, and a rebuke to the defendant; and we shall not add a penalty in money greater, perhaps, than the defendant can bear. She is a school teacher, depending upon her salary for a support; and the payment of a large amount of money would be a very great burden upon her.

It is therefore ordered, adjudged, and decreed that the judgment appealed from be amended by increasing the amount thereof from $25 to $250; and, as thus amended, it is affirmed, with costs in both courts.

O'NIELL, J., dissents, being of the opinion that the judgment should be affirmed.