(95 South. 869)

No. 23606.

## BUSBY v. FIRST CHRISTIAN CHURCH et al.

(Feb. 26, 1923. Rehearing Denied April 2, 1923.)

*(Syllabus by Editorial Staff.)*

**1. Libel and slander ⬅️94(2)—Plea of justification, accompanied by denial of publication, does not admit publication.**

Though plea in libel suit alleging the truth of the alleged libel, but denying publication, may have been objectionable in form, it did not have the effect of admitting the publication.

**2. Libel and slander ⬅️94(2)—Pleading justification and absence of publication in the alternative merely makes plea of justification defective.**

If one must admit publication of alleged libel in order to plead justification, the only effect of denying the publication and pleading the truth as an alternative defense would be to make the plea of justification defective and not to admit the publication.

**3. Appeal and error ⬅️194(1)—Issue on alternative plea in libel suit held not limited, when plaintiff permitted evidence of both defenses.**

If plea of justification in libel suit was defective because accompanied by alternative denial of publication, or if the alternative defenses were inconsistent, plaintiff should have taken steps to protect himself, and, not having done so, but having introduced evidence on the question of publication and permitted defendant to offer evidence under both defenses, the issue will not be considered as limited to that of justification.

**4. Libel and slander ⬅️25—Discussion of subject-matter of letter among those jointly preparing it not a publication.**

Where officers of church, by whose joint action a letter was prepared and sent plaintiff, charging him with disturbing a meeting, did not communicate the matter to any one else, their discussion of the matter among themselves in preparing the letter was not a publication.

**5. Trial ⬅️62(2)—Plaintiff in rebuttal entitled to offer evidence of falsity of alleged libel.**

In libel suit, burden was on defendants to establish their plea of truth of defamatory matter, and after they had closed plaintiff had right in rebuttal to offer evidence of its falsity.

**6. Appeal and error ⬅️1056(1)—In libel suit, exclusion of evidence on question of truth harmless, when publication not established.**

In libel suit, where plaintiff failed to establish publication, the exclusion of evidence tendered in rebuttal on the question of falsity of the alleged libel was harmless.

Appeal from Civil District Court, Parish of Orleans; Porter Parker, Judge.

Action by Homer C. Busby against the First Christian Church and others. From a judgment for defendants, plaintiff appeals. Affirmed.

John D. Schmidt, Jr., and Blancand & Viosca, of New Orleans, for appellant.

Spencer, Gidiere, Phelps & Dunbar, of New Orleans, for appellees.

OVERTON, J. Plaintiff was a member of, and held the position of auditor in, the First Christian Church, in the city of New Orleans. He made a general charge against the officers of the church, charging them with irregularities in its government and in the expenditure of its funds. Members of the board of trustees and the deacons and elders of the church, at meetings held by them, requested him to state specifically the irregularities, which he considered he had discovered, so that, if the irregularities existed, they could be corrected. However, the efforts of these officials proved fruitless, and, as a result of plaintiff's refusal to make specific his general charges, the elders and deacons withdrew from him his right to fellowship in the church until such time as he should repent.

Plaintiff, after his fellowship had been withdrawn, attended the church, and was present on May 21, 1916, when a disturbance occurred during the services. Several days after this disturbance, the deacons and elders, the president of the board of trustees, and the auditor held a meeting at which the

disturbance was discussed. They then prepared, and had the secretary mail to plaintiff, the following letter, which he received in due course, to wit:

"At a special called meeting of the elders and deacons held at the First Christian Church, Seventh and Camp streets, at 8 p. m. Wednesday, May 24, for the purpose of reviewing your conduct in the church on Sunday, May 21, by which the congregation was shocked and mortified,

"Find that your action and attitude were entirely unwarranted, and an annoyance to our members, also a disturbance of our public worship, which under the laws of the state of Louisiana is a grave offense. This is to notify you that if you persist in disturbing the worship of the congregation, much as we may regret to do so, it will be incumbent on us as elders and deacons to preserve order and decorum, and this is to advise you that we will take the necessary steps to prevent a repetition of such disturbances.

"By order of elders and deacons.
    "Respectfully,
        "C. M. Sitman, Secretary Pro Tem."

Soon after plaintiff received this letter, he instituted the present suit against the First Christian Church, and against Stanford Chambers, Charles M. Sitman, Richard W. Charlton, and H. R. Winder, who constituted the board of deacons, and who took part in preparing and mailing him the above letter. As his cause of action, he alleges, specifically, that defendants, in the presence of each other and of many other persons charged him with the misconduct and the violation of law mentioned in that letter. He also alleges that, in the execution of a conspiracy entered into by defendants, they, on May 25, 1916, wrote him the above letter. He further alleges that the statements thus uttered, written, and circulated are false, defamatory, and malicious, and were uttered and circulated by defendants for the purpose of depriving him of his good name. He therefore prays for judgment against them for damages in the sum of $10,000.

Defendants have answered this demand by averring that plaintiff, on May 21, 1916, disturbed the services in the church, and by averring the truth of the facts set forth in the letter. They deny, however, that they published the letter, or uttered or circulated the statements alleged by plaintiff to have been made, and aver that they did nothing more than prepare the letter and mail it to plaintiff, which was done, not to injure him, but to prevent any possible repetition of the disturbance. They deny any attempt or conspiracy to prevent plaintiff from attending the church.

[1-3] It might be said that as defendants have pleaded the truth in justification, they are limited to that defense. It may be observed, however, that in pleading the truth, defendants have been careful not to admit that they published the defamatory words and the letter containing them, but expressly deny having done so. Therefore, it cannot be said that they have admitted publication. It is possible for both facts to coexist; that is, that the words and the letter convey the truth and at the same time that neither, in contemplation of law, were published. It is true that, if the words and the letter were not published, it is immaterial whether they convey the truth or not, for there can be no libel without publication. However, what defendants intend, by pleading in the manner in which they have, is to require plaintiff to prove the publication, and, in the event it should be found that he has done so, then to avail themselves of the truth of the alleged defamatory words and letter as justification. This is equivalent to pleading the truth as an alternative defense. This form of pleading may be objectionable, for it has been held that one may be required to elect between a general denial and a plea in justification. Harrison v. Jurgielewiez, 28 La. Ann. 239; Turnbow v. Wimberly, 106 La. 259, 30 South. 747. However, it cannot be said, that when justification is pleaded as an alterna-

tive defense, it has the effect of admitting the publication, for manifestly the very object in thus pleading it is that it shall not be given that effect, and moreover there is no law, of which we have knowledge, that gives it such effect, when thus pleaded, or makes the plea supersede the denial of publication. It might be said also that one must admit the publication in order to plead justification. 25 Cyc. 461; Schwing v. Dunlap, 130 La. 498, 58 South. 162. If so, however, the only effect of denying the publication and pleading the truth, as an alternative defense, would be, not to admit the publication, but merely to make the plea in justification defective. If that plea is defective, or if the denial of the publication and the alternative plea in justification are inconsistent, plaintiff should have taken steps to protect himself in the lower court. As it is, plaintiff took no such steps, for he not only examined at least one witness on the question of publication, and two or more on the issue presented by the plea in justification, but permitted defendant to offer evidence under both defenses. Under these circumstances, the issue will not be considered as limited to the plea justifying the defamatory matter. Claverie v. Fabacher, 123 La. 44, 48 South. 578.

[4] The facts relating to the publication of the alleged slanderous words and libel are as follows: When the elders and deacons, and the members of the board of trustees met for the purpose of taking some action in reference to the disturbance of the preceding Sunday, no one was present but themselves. They discussed the disturbance, and concluded to write defendant the above letter. All of the officials, mentioned above, took part in framing the letter, including Sitman, who was a member of the board of deacons and who acted as secretary. The letter was not exhibited to a third person, but was mailed by Sitman to plaintiff, after the former had copied it. It does not appear that the members of the meeting, or any of them, communicated to a third person the charges complained of by plaintiff, and set forth in the letter. If any one of them made those charges to the others, who acted on the report, this does not appear. So far as appears, the entire matter was the joint action of all the members of the meeting and was communicated by them to no one but plaintiff.

Under the above facts, we are unable to hold that there was a publication. To constitute one there should be a communication of the defamatory matter to a third person. In this case, it cannot be said that there was such a communication, unless the discussion of the subject-matter of the letter by the members of the meeting, among themselves, in deciding upon a course of action, and in framing the letter, be held to be a publication. We, however, do not regard that discussion as a publication, since it was merely among the members of the meeting themselves, in preparing the letter. Landis v. Campbell, 79 Mo. 433, 49 Am. Rep. 239; Newell, Slander and Libel, No. 20, p. 283. We therefore conclude that, as proof of publication is essential to the action, plaintiff has failed in his case.

We do not consider the plea of defendants, as to the truth of the alleged defamatory matter, for the reason that it is not only unnecessary to consider it, in view of the conclusion we have reached, but also because, after plaintiff had rested in chief, and while defendants were offering their evidence, the trial judge, who was sitting without a jury, notified counsel that in his view plaintiff had failed to prove his case, and hence that he did not care to hear other witnesses. Plaintiff then offered several witnesses in rebuttal to show that he had not committed the disturbance, but the court, over plaintiff's protest, refused to hear the witnesses.

[5, 6] The burden was on defendants to

establish their plea with respect to the truth of the defamatory matter, and, after they had closed, plaintiff had the right to offer the evidence tendered in rebuttal. However, as the case may be determined on the issue of publication, and as the evidence tendered in rebuttal was limited by the tender made, and as that evidence could not affect even remotely the issue of publication, plaintiff was not injured by the ruling.

For the reasons assigned, the judgment appealed from is affirmed, at appellant's costs.