(106 So. 558)

No. 25596.

### FORD v. JEANE.

(Nov. 30, 1925.)

*(Syllabus by Editorial Staff.)*

**1. Libel and slander  ⬳5—Legal malice inferred from falsity of accusation.**

*Legal malice may be inferred from falsity of accusation.*

**2. Libel and slander  ⬳33—Actual damages presumed from false charge of drunkenness made against school teacher.**

Actual damages will be presumed from a false charge of drunkenness and improper conduct made against a school teacher, and hence need not be proven.

**3. Libel and slander  ⬳114—One dollar damages for slander of school teacher held insufficient.**

One dollar damages for slander of school teacher by false charge of drunkenness and improper conduct *held* insufficient, and increased to $100.

Appeal from Twelfth Judicial District Court, Parish of Vernon; John H. Boone, Judge.

Action by Le Roy Ford against J. T. Jeane. Judgment for plaintiff in insufficient amount, and he appeals. Judgment amended, and, as amended, affirmed.

Sidney I. Foster, of Leesville, for appellant.

Hardin, Hardin & Cavanaugh, of Leesville, for appellee.

LAND, J. Plaintiff is a young man of good reputation, and is a school teacher by profession. He had taught in the public schools of Vernon parish for six years at the time of the institution of this suit, in which he seeks to recover damages from the defendant for slander, consisting of a public accusation made by defendant before the school board of Vernon parish at its session on July 18, 1921, to the effect that plaintiff was drunk and disorderly and guilty of conduct unbecoming a teacher at a public dinner on Bundick's creek on April 29, 1921, and that plaintiff was so drunk that he had to be sent for and brought to the table to eat.

The evidence shows with clear legal certainty that defendant is guilty of defaming plaintiff before the school board at its meeting by making the false statement that plaintiff was intoxicated at the public dinner on Bundick's creek, and that it was necessary that plaintiff be brought to the table. The

testimony shows that this accusation was made without probable cause, the defendant being the only witness as to plaintiff's intoxicated condition at this public dinner, while all of the other witnesses who came in contact with plaintiff on that occasion testify that he was sober. The plaintiff had been notified by the superintendent of the Vernon school board that he would be retained as teacher at the Grannis public school during the year 1920–1921, at a salary of $125 per month for a term of 9 months, but, after the accusation made against him before the board by defendant, the members of the board refused to ratify the contract and dismissed plaintiff as a teacher at the Grannis public school.

It appears, however, that the accusation made by defendant against plaintiff did not prevent the superintendent of the Vernon public school from employing plaintiff for the school term 1920–21, at a salary of $120 per month to teach the seventh grade of the Belleview Agricultural High School. Tr. 9, 10. The superintendent of the Vernon public school had this authority conferred upon him by the members of the school board, and the record fails to disclose any objection upon the part of any member of the board to the appointment of plaintiff as a teacher at this school.

Defendant had opposed before the school board the retention of plaintiff as a teacher at the Grannis public school, and it is plain from the testimony of the members of the school board that this failure to continue plaintiff as a teacher at the Grannis public school was due to the fact that, as there was trouble in the Grannis public school over the reappointment of plaintiff as a teacher, due to the opposition of defendant and several others, the elimination of plaintiff as a teacher would also settle the trouble.

[1, 2] The members of the school board evidently were not influenced in taking this step by the charges brought by defendant against plaintiff before that body. However, this fact is no balm to the injured feelings of plaintiff, and is no compensation for his humiliation occasioned by the slanderous attack made upon him by defendant. The act of defendant in preferring these charges was wrongful and without just cause or excuse, and legal malice and injury may be inferred from the falsity of the accusation. It is not necessary that plaintiff should show any special damage growing out of the slanderous charges, as actual damages are presumed from the defamatory character of the charge. Weil v. Israel, 42 La. Ann. 955, 8 So. 826; Delambre v. Kyes, 136 La. 687, 67 So. 552; Vicknair v. Daily States, 153 La. 677, 96 So. 529; Jackson v. Briede, 156 La. 573, 100 So. 722.

[3] Plaintiff was awarded $1 by the trial judge. We are of the opinion that this sum should be increased to $100 as a reasonable compensation to plaintiff under the facts and circumstances of this particular case.

The judgment appealed from is therefore amended by increasing the same from $1 to $100, and, as amended, is affirmed, at the cost of defendant.