DORÉ, Judge.
These two suits arise out of an alleged slander of Mrs. Edith Hunter Sanders and her minor child, Nonie Lee Sanders, by a clerk of the defendant company while in ihe course and scope of her employment. They were consolidated for trial for the reason that they are both based on the same incident.
The facts in the case are very simple. On the morning of July 13, 1949 at about 10:30 a. m., the plaintiff, Mrs. Edith Hunter Sanders and her teen-age daughter, Nonie Lee Sanders, entered the defendant’s store located on Third Street in the City of Baton Rouge, apparently for the purpose of looking around and possibly making purchases. They first went to the art counter where the young daughter saw an embroidered scarf which she desired to purchase and accordingly the mother paid the clerk 25 cents, the price of the scarf, and the clerk placed it in a brown paper bag. Thereafter, the mother and daughter looked around at other counters and finally arrived at a counter in the men and boys department which contained polo shirts. It appears that they thereupon started looking through these polo shirts, which had been stacked in order, for the purpose of being inventoried. Their testimony is that the mother would hold the polo shirts up and the daughter would read the size thereof for her for the reason that the mother had very defective eyesight. While they were going through that process one of the clerks, Mrs. Mullins, came over to the counter and asked if she could be of any help. This clerk testifies that she asked that question twice and did not receive any reply and at that time she noticed a scarf lying on the counter and she then asked the Sanders, “Did you get waited on for the scarf?” and although informed by the plaintiffs that they had bought and paid for the scarf elsewhere in defendant’s store, the saleslady had plaintiffs accompany her to a point near the scarf counter where she inquired of the scarf saleslady, “Did these people buy this scarf from you?” holding the scarf up in open view. The scarf saleslady replied in the affirmative.
There is some conflict in the testimony on a few points. First, Mrs. Mullins contends that she received no reply from the plaintiffs when she asked them twice, “May I help you?” whereas the plaintiff, Mrs. Sanders states that she told the saleslady that she had been looking at the polo shirts with the idea of buying one or more for her grandson but that the sizes were all too large. Mrs. Mullins states that she saw the scarf lying on the table and not in a bag, whereas the plaintiffs state that the scarf was always in the bag from the time of its purchase and that Miss. Sanders held it on her purse and did not place it on the counter. Plaintiffs claim that Mrs. Mullins pulled the package out of Miss Sanders’ hands, whereas she claims that she took it off the counter with the consent of plaintiffs and that she thereupon showed it to the other saleslady and in a normal tone of voice ascertained from her that it had been bought and paid-for. The plaintiffs also claim that she asked the other saleslady about the purchase in a loud voice that could be heard all through that part of the store.
Regardless of the conflict in the testimony and the further fact that the words such as theft, stealing or shop-lifting were not used by the saleslady, the fact remains, as found by the trial judge, the words used constituted an accusation of theft. Also, as found by the trial judge, it does not appear that the incident was witnessed by more than two other salesladies and possibly two customers and the other salesladies testify that they paid no particular attention to the incident.
On these facts the plaintiff, Mrs. Edith Hunter Sanders, sues the defendant for *91 $50,000 for alleged damages and Alfred F. Sanders, for and on behalf of his minor child, Nonie Lee Sanders, sues the defendant for the same amount for alleged ■damages to his said minor child.
The answer to plaintiff’s petition in each case is in the form of general denial in so far as the actual slander is concerned and does not contain any special plea of justification or privilege.
After trial of the case, the trial judge came to the conclusion that the plaintiffs were entitled to nominal damages and rendered judgment in favor of Mrs.- Edith Hunter Sanders in the amount of $500 and in favor of Alfred F. Sanders, for and on behalf of his minor child, Nonie Lee Sanders, in the amount of $250.
The defendant has perfected appeals in both cases. Both plaintiffs have answered the appeal, Mrs. Edith Hunter Sanders praying that the award in her case be increased to $10,000 and Alfred F. Sanders, for and on behalf of his minor child, Nonie Lee Sanders, prays that the award in that case be increased to $5,000.
The first question presented to this ■court is whether or not we have jurisdiction to consider these appeals. As stated hereinabove, each plaintiff sued for the sum of $50,000. (Judgment was rendered on behalf of Mrs. Sanders for .$500 and in her answer to the appeal she prays for an increase to $10,000. Judgment was rendered in favor of Mr. Sanders, for the use and benefit of his minor child, Nonie Lee Sanders, for $250. These •suits involve defamation of character and not personal injury and ordinarily we would lack jurisdiction of the appeals in that the amounts demanded, both in the original suits and in the answers to the appeals exceed $2,000. See Article 7, Sec. 10 of the Constitution.
However, before declining the jurisdiction, it is our province and duty to inquire into the record and to determine whether or not the demands are inflated. After a thorough examination of the record, we are of the opinion that the demand in each of these two cases is grossly inflated, and that our maximum limit, that is, $2,000, is more than sufficient to cover an award for each case. We will therefore retain the jurisdiction of the appeals.
In its application for rehearing in the court below and on appeal in this court, the defendant does not seriously contend that the slander has not been proven. It was then contended, as it is now, that the remarks of the saleslady, the slander complained of, on which the claims are made was a privileged communication and that therefore the plaintiffs are barred from recovery. We have given this contention very serious consideration and we have come to the conclusion that it cannot be maintained for the reason that the jurisprudence is clearly to the effect that such a plea must be specially pleaded.
“Whether the alleged defamation was privileged is a matter of defense. While some courts hold that the defense of privilege may be presented under a general denial, most of them take the view that it must be specially pleaded, unless it is affirmatively disclosed by the complaint. Generally speaking, a plea of privilege is regarded as a plea in confession and avoidance, and some courts declare that it must be held defective unless it admits, either expressly or impliedly, publication of so much of the language complained of —or similar language — as will support a cause of action. Where the privilege claimed is a conditional or qualified one, the plea must negative the existence of malice.” American Jurisprudence, Vol. 33, Libel and Slander, Par. 248, p. 230, and cases therein cited, especially Hyatt v. Lindner, 133 La. 614, 63 So. 241, 244, 48 L.R.A.,N.S., 256.
In the latter case, the following is pertinent:
“Defendant claims that the anonymous letter was a privileged communication, and plaintiff denies that it was, and contends that defendant, having denied that he was the author of it, is cut off from the defense of justification.
“The latter contention is based upon the settled jurisprudence of this state, and must therefore be sustained. Schwing v. Dunlap, 130 La. 498, 58 So. 162; Harrison *92 v. Jurgielewiez, 28 La.Ann. 238; Williams v. McManus, 38 La.Ann. 161, 58 Am. Rep. 171; Miller v. Roy, 10 La.Ann. 231.”
It is our opinion that had the defendant specially pleaded qualified privilege, we would find merit to its contention but that having failed to do so except by way of general denial, we cannot sustain that contention. In other words, it seems clear from our jurisprudence that the defendant could not in its answer deny that the slanderous remarks were made and then later in effect admit that they were made and contend that they were justified and privileged.
As to the quantum of damages, we fully agree with the trial judge’s conclusion, as follows:
“The court does not find that the saleslady was actuated by malice. There is at least slight evidence of some provocation for her suspicion.
“The daughter has shown no special damages, and it is somewhat doubtful if the mother has shown any. Immediately after the incident plaintiffs asked to see the manager of the store. They were directed to his office on an upper floor and called on him there. He returned with them to the sales floor for consultation with the saleslady, and a few minutes later plaintiffs returned to their home.
“The plaintiff, Mrs. Sanders, has been under a physician’s care for several years. Her blood pressure has been what the court would term ‘minimum normal,’ and her eyesight is poor. There is testimony that immediately following the incident in question she was seen by her physician and kept to her bed two or three days with abnormally high blood pressure. Any mental or physical ill effects arising from the incident were undoubtedly slight and temporary.
“In view of these findings and the decisions of our higher courts in comparable cases, only nominal damages can be awarded to plaintiffs. Without discussing these decisions in any detail, the court feels that there should be judgment in favor of the plaintiff, Mrs. Edith Hunter Sanders, in the sum of $500, and in favor of the plaintiff, Alfred F. Sanders, for and on behalf of his minor child, Nonie Lee Sanders, in the sum of $250.”
If anything, his awards are sufficient considering the circumstances. Mrs. Sanders, because of her physical condition, no doubt was terribly upset and did have to remain in bed for a few days as a result of the shock sustained in this incident and no doubt both herself and her daughter were humiliated, but we do not feel that any permanent injury to their reputation was caused by this incident.
For these reasons assigned, the judgment in the case of Mrs. Edith blunter Sanders v. W. T. Grant Company is affirmed. A separate decree will be rendered in the case of Alfred F. Sanders, for and on behalf of his minor child v. same defendant, La.App., 55 So.2d 92.