316 So.2d 472 (1975)
Lia Tuzy HIGGINS
v.
McGEE'S DISCOUNT STORES, INC.
No. 10315.
Court of Appeal of Louisiana, First Circuit.
June 30, 1975.
Rehearing Denied August 26, 1975.
Writ Refused October 22, 1975.
Warren L. Mengis, Baton Rouge, for appellant.
A. Foster Sanders, Baton Rouge, for appellee.
Before SARTAIN, ELLIS and BARNETTE, JJ.
ELLIS, Judge.
This is a suit for damages for unlawful detention and defamation. Plaintiff is Lia Tuzy Higgins. Defendant is McGee's Discount Stores, Inc. After trial on the merits, judgment was rendered in favor of plaintiff for $500.00, and defendant has appealed.
The record shows that plaintiff bought some merchandise from defendant in late July and early August, 1974, and paid for it. On August 17, 1974, she returned two of the articles of clothing which she had purchased, and was given a credit slip for $34.94. On the same day, Mrs. Ethel McGee, co-owner of the store, wrote the following note:
"Lia Higginsas soon as you left, I checked your merchandise, and both items have been worn and are soiled. You have to see me and no one else for this creditMrs. McGee."
Mrs. McGee testified that when she examined the garments, she found that the skirt had spots all over it and that she *473 "wanted to make sure, personally, that this lady was taken care of in whatever way merchandise-wise or money-wisethat I wanted to make sure that she no longer shopped with me at McGee's. The garments were hung by the cash register awaiting plaintiff's return to the store. Although Mrs. McGee testified at some length about the system of tagging garments in her store, she did not testify if, or in what manner, the tags were improper on the garments returned.
On September 3, 1974, plaintiff returned to McGee's to use her credit, and selected a number of items. When she presented her credit memo to the cashier, the cashier summoned Curtis McGee, the store manager. Mr. McGee asked plaintiff to step over to a small cash register about ten or twelve feet from the large check-out cash register.
According to plaintiff's testimony and that of her witness, Marian Munzey, Mr. McGee accused her of switching the tags on the garments, cursed and abused plaintiff in a loud voice, and finally ordered her out of the store. They testified that the altercation attracted the attention of everyone in the store. Plaintiff was not permitted to purchase the new items she had selected, but was given her money back.
According to the testimony of Mr. McGee and of Mrs. Templet, the cashier, Mr. McGee attempted to explain the difficulty relative to the tags having been switched, and plaintiff became very defensive and loud, and suggested that some of the store employees might have switched the tags. Mr. McGee stated that it was because of her behavior that he asked her to leave the store. He testified, as did Mrs. Templet, that he did not curse or abuse plaintiff, did not accuse her of wrongdoing, and did not raise his voice during the discussion.
In Durand v. United Dollar Store of Hammond, Inc., 242 So.2d 635, 640 (La. App. 1st Cir. 1970), we said:
". . . there exists in Louisiana a qualified privilege on the part of the storekeeper to make reasonable inquiry of a person whom the storekeeper has reasonable cause to believe has perpetrated a theft of its merchandise; whether otherwise actionable defamatory conduct enjoys such a qualified privilege depends upon the particular facts and circumstances surrounding the incident in question, including the nature of plaintiff's conduct and actions, and the nature, extent and content of the storekeeper's inquiry in response thereto. We wish to emphasize that whether liability attaches depends first upon whether the defendant had reasonable or probable cause to institute any inquiry or questioning of the suspected plaintiff, and secondly, the nature, extent, reasonability and circumstances attendant to the subsequent inquiry or questioning."
It is apparent that defendant had reasonable cause to institute an inquiry relative to the items returned by plaintiff. The only question to be resolved is whether or not the inquiry made was reasonable in nature. The trial judge held that there was a substantial argument between Mr. McGee and plaintiff, and that Mr. McGee conducted himself in such a manner as to exceed the qualified privilege given him by the law.
We find no manifest error in his conclusion. The inquiry was conducted in public, and in such a manner as to attract the attention of those in the store. Plaintiff was accused of dishonesty and ordered from the store. We find that Mr. McGee's behavior did in fact transcend the limits of his qualified privilege.
Defendant has also asked that the award of $500.00 made by the district judge be reduced to $250.00. Considering the nature of the accusations and the manner in which we find they were made, we *474 do not believe the award made by the trial judge exceeds the bounds of his discretion.
The judgment appealed from is affirmed, at defendant's cost.
Affirmed.