335 So.2d 545 (1976)
Mrs. Frank CLARK
v.
I. H. RUBENSTEIN, INC.
No. 10248.
Court of Appeal of Louisiana, First Circuit.
June 30, 1976.
*546 J. D. De Blieux, Baton Rouge, for appellant.
Charles W. Franklin, Baton Rouge, for appellee.
Before SARTAIN, CHIASSON and EDWARDS, JJ.
SARTAIN, Judge.
This is an action for damages for humiliation and embarrassment growing out of an incident wherein plaintiff alleges she was wrongfully accused of shoplifting. She was denied judgment in the trial court and we affirmed. (314 So.2d 849, 1975). The Supreme Court reversed and remanded for the purpose of assessing damages. La. 326 So.2d 497 (1976).
For convenience, we quote the facts and reasons for judgment as set forth in the Supreme Court's opinion: 326 So.2d 497, 498, 499:
"As Mrs. Frank Clark was leaving the store on August 4, 1973, with several parcels she had bought, the alarm went off. It is not disputed that the store was crowded and a number of other shoppers heard the electronic buzzer and witnessed the events which followed. Upon hearing the alarm, one of Rubenstein's male employees followed Mrs. Clark from the store and asked her to return. She complied with this request and also allowed him and another male employee to search her shopping parcels in view of other shoppers inside the store. Thereupon, it was discovered that a sales clerk had failed to remove a tag from an item of merchandise paid for by Mrs. Clark. She was allowed to leave with apologies from the manager, and none of the store's personnel accused her of any wrongdoing or acted discourteously. Nevertheless, Mrs. Clark testified that the experience was embarrassing and that she was so upset by it that she took medication to calm herself when she got home.
* * * * * *
"Under the facts as found by both courts below Mrs. Clark was certainly subjected to a detention. When the alarm was given, and she was asked to return for a search of her goods in the presence of other shoppers, there were only two courses of action available to her. She could have attempted to leave the scene, thus tending to confirm the suspicions of the store's employees and by-standers that she had stolen something, and subjecting herself to more severe embarrassment and possible restraint by force. Instead, she chose the more sensible course and mitigated her humiliation by submitting to a public inspection of her packages. Under the circumstances, her freedom of choice and action were certainly restricted and a restraint was effectively placed upon her liberty.
"Our conclusions are in accordance with principles established by Louisiana jurisprudence and that of other states. Detention grounded on substantial action by the customer showing an intent to steal has been upheld as lawful. Coates v. Schwegmann Bros., 152 So.2d 865 (La. App. 4th Cir. 1963); Simmons v. J. C. Penny, 186 So.2d 358 (La.App. 1st Cir. 1966). But merchants who detained shoppers on the basis of mere suspicion, and without reasonable cause, have been subjected to liability. Wilde v. Schwegmann Bros. Giant Supermarkets, 160 So.2d 839 (La.App. 4th Cir. 1964); Bacharach v. F. W. Woolworth Co., 160 So.2d 854 (La.App. 4th Cir. 1964). See Hargrove, Louisiana Merchant Detention Statute, 25 La.L.Rev. 956 (1965).
"Courts in other jurisdictions have held that restraint of personal liberty by fear of a personal difficulty amounts to a false imprisonment, and that detention of a shopper by a merchant is privileged only where the facts would cause a prudent and cautious man to reasonably believe *547 that the customer is guilty of shoplifting. E. g., Coblyn v. Kennedy's, Inc., 359 Mass. 319, 268 N.E.2d 860 (1971); Annotation, Construction and Effect, in False Imprisonment Action, of Statute Providing for Detention of Suspected Shoplifters, 47 ALR 3rd 998.
"We conclude that Mrs. Clark, the plaintiff, was detained and searched by employees of the defendant, I. H. Rubenstein, Inc., and that due to facts of which the defendant was or should have been aware, the defendant did not have reasonable cause to believe that she had committed theft of goods held for sale by it. Mrs. Clark is entitled to compensation for the embarrassment and humiliation caused her by the incident. * * *"
Appellant seeks an award of $950.00 and cites numerous cases in support thereof, including Sanders v. W. T. Grant, 55 So.2d 89 (1st La.App., 1951), $500.00; Wilde v. Schwegmann Bros. Giant Supermarkets, 160 So.2d 839 (4th La.App., 1964), $1500.00; Chretien v. Woolworth, 160 So.2d 854 (4th La.App., 1964), $500.00; Stewart v. J. C. Penney, 267 So.2d 925 (1st La.App., 1972), $500.00; and Higgins v. McGee's Discount, 316 So.2d 472 (1st La.App., 1975), $500.00. Appellant then argues that inasmuch as "she did not make one single contribution to the facts which" led to her embarrassment and humiliation, the amounts awarded in the cited authorities should be adjusted in her case and the award prayed for herein should be granted.
On the other hand, defendant cites practically the same authorities for the proposition that the facts in each are more aggravated then those in the instant matter and that the award herein should be substantially lower.
With respect to awards in matters such as this, the court considers the nature, extent, reasonability, and circumstances surrounding the inquiry or questioning of the person detained. Durand v. United Dollar Store of Hammond, Inc., 242 So.2d 635 (1st La.App., 1970) and Higgins v. McGee's Discount Store, Inc., supra.
Considering the factors involved during Mrs. Clark's detention, we feel that the sum of $500.00 is the appropriate amount. She was courteously treated throughout the period of detention. The entire matter lasted no longer than five minutes during which time there were no accusations, physical restraints, or demeaning language.
Accordingly, for the above reasons, the judgment appealed is reversed and judgment is rendered herein in favor of the plaintiff and against the defendant in the amount of $500.00, together with legal interest thereon from the date of judicial demand, until paid, and for all costs of this suit.
REVERSED AND RENDERED.