98 So.2d 719 (1957)
Alex BANKS, Plaintiff-Appellant,
v.
FOOD TOWN, Inc., Defendant-Appellee.
No. 4511.
Court of Appeal of Louisiana, First Circuit.
November 19, 1957.
Rehearing Denied December 23, 1957.
*720 F. Louis Gonzales, Baton Rouge, for appellant.
Percy & Macmurdo, Baton Rouge, for appellee.
TATE, Judge.
Plaintiff Banks appeals from judgment dismissing his suit for damages based upon an allegedly unlawful search of his person by defendant's employee who incorrectly suspected Banks of shoplifting while in defendant's store.
Plaintiff testified that while leaving defendant's supermarket after pricing the beef there, without making a purchase, he was accosted by the defendant's employee, Harelson, who called, "Hey you, come here, what do you have under your shirt?" Upon Banks' negative reply, Harelson searched or "frisked" him without his consent in the presence of the several people in the store; and, finding nothing, told Banks he could leave.
Banks contends that he then and there vigorously protested, sought and was refused the names of the store employees witnessing the incident, and was also refused permission by the store manager to use the telephone to call his attorney.
Although Banks' version of the incident was corroborated by an acquaintance who chanced to be in the store that morning, the trial court specifically accepted as correct a contrary version set forth by the testimony of six of defendant's employees. This was to the effect that Harelson searched Banks outside the store, following which Banks re-entered the store and requested and was given permission to use the telephone, but then did not choose to do so.
Harelson also testified that the search of plaintiff's person was made at the latter's own invitation and before any accusation by Harelsonthat as he followed Banks outside the store and called "Hey, fellow!", the latter immediately turned around, threw up his hands, and stated "Search me", which Harelson did quickly and in a reasonable manner.
Harelson and a co-employee testified that their suspicions were aroused when they saw Banks make a motion to stick a "small object" with "a little color to it", under his shirt, although neither employee saw Banks take anything from the shelves. (Banks himself testified the only possible motion he could have made was to take a cigarette out of his inside shirt pocket.) They saw him stop momentarily at the ham counter, then turn and walk at a hurried gait from the store, whereupon Harelson followed Banks and accosted him (according to his above-described version) outside the store.
Even accepting defendant's version of the incident (which factual finding of the trial court based upon its evaluation of the credibility of conflicting witnesses must be accepted by this reviewing court unless manifestly erroneous, Pierre v. Galloway, La.App. 1 Cir., 96 So.2d 916, Guidry v. Crowther, La.App. 1 Cir., 96 So.2d 71), counsel for plaintiff ably contends that Banks is entitled to recover damages for the unlawful search, detention, and assault of his person, and invasion of his privacy so occasioned; and also for the unfounded and slanderous accusation of theft against him witnessed by several customers and employees.
Thus, basically, Banks complains of two types of tortious conductthe invasion of his personal freedom encompassed by an unlawful detention and search; and the damage to his reputation resulting from such public actions reflecting upon his honesty.
*721 Defendant-appellee contends that Banks' actions gave defendant probable cause to suspect him of theft, and that its reasonably exercised right to investigate same would not have been noticed by others except for Banks' loud complaints thereafter and his re-entry into the store. Defendant-appellee further contends that by Banks' consent to the search he waived any action he might have had to recover damages for an unjustified detention or assault.
The legal rule relied upon by defendant in its principal defense is that set forth at 22 Am.Jur. "False Imprisonment" Section 78, at p. 408:
"* * * Ordinarily * * * the owner of property, in the exercise of his inherent right to protect the same, is justified in restraining another who seeks to interfere with or injure it where the restraint or detention is reasonable in time and manner. In such cases, probable cause is a defense * * *."
Cited by this treatise in support of this principle is Collyer v. S. H. Kress & Co., 5 Cal.2d 175, 54 P.2d 20, which is summarized as holding that "Store authorities are justified in detaining a suspected shoplifter for a reasonable time and conducting an investigation in a reasonable manner when they have probable cause to believe that he has pilfered articles from the store."
We note that this holding is apparently contrary to the rule set forth in Girlinghouse v. Zwahlen, 2 Cir., 3 La.App. 720, which held that "the law does not permit a private citizen to deprive another of his liberty without a warrant when the person arrested is engaged in an act which would constitute at the most an element of a misdemeanor," 3 La.App. 722, in awarding damages against the owner of land for the illegal detention of one he found removing gravel therefrom in an offense which constituted a misdemeanor rather than a felony. (Perhaps the distinction between the cases is that in the Collyer case, the court found that the only compulsion used to detain the suspect was a threat of arrest, 54 P.2d 24, and was pending the arrival of a police officer; whereas the Girlinghouse case concerned, rather than an interim detention, an actual arrest, see footnote 1 below, and the compulsion used was threatening by a revolver to bring the suspect to the sheriff's office.)
See: Sweeten v. Friedman, 9 La.App. 44, 118 So. 787; see also: Comment, "Tortious Liability for False Imprisonment in Louisiana," 17 Tul.L.Rev. 81.
Furthermore, while the doctrine relied upon by defendant might permit the temporary detention without his consent of a suspected pilferer by a private person for probable cause, at least until an officer could be secured; it does not necessarily permit the search of the suspect's person by a private individual without a search warrant in the absence of a contemporaneous lawful arrest to which the search is incident. 6 C.J.S. Arrest § 18; 4 Am.Jur. "Arrest" Section 67.[1] "A search of the *722 person, except when made as an incident to a lawful arrest or on invitation or consent, must be made under a valid search warrant", 79 C.J.S. Searches and Seizures § 66b; Cf. § 69b.
But even if defendant were, as it claims, entitled to detain Banks if his actions gave probable cause to suspect him of shoplifting, we are unable to agree with the defendant's contention that, under the facts of this case, its employees had probable cause to detain Banks when they did not see him take anything, but simply because they saw him place his hand under his shirt and walk at a fast pace from the store.
Public accusations reflecting upon another person's honesty must be based upon something more substantial than mere surmise, as must any "probable cause" permitting the detention of another person because of suspected shoplifting or theft. Scott v. Citizens' Hardware & Furniture Co., 180 La. 473, 156 So. 469, Morgan v. Loyacomo, 190 Miss. 656, 1 So.2d 510, Jacques v. Childs Dining Hall Co., 244 Mass. 438, 138 N.E. 843, 26 A.L.R. 1329.
A store is open to the public for inspection of its wares, whether those who enter come to buy or simply to price or even to "window shop." A person in a store has a right to put his hand in his pocket or shirt, and to walk at a fast gait without the humiliation of being publicly suspected of thievery and without the violation of his right of personal freedom by being detained. In such cases, a public accusation of theft against him and a detention of his person without his consent is at the risk of the store-owner if the latter's surmise of shoplifting proves incorrect.
We would unhesitatingly grant judgment in favor of plaintiff were it not that the consent of a plaintiff to acts which would have constituted an illegal detention of or search of his person bars his right to recovery therefor. 47 Am.Jur. "Searches and Seizures" Section 71, 22 Am.Jur. "False Imprisonment" Section 91, 79 C.J.S. Searches and Seizures § 102, P. 921, 35 C.J.S. False Imprisonment § 45. See Hunter v. Laurent, 158 La. 874, 104 So. 747.
As previously noted, the trier of fact specifically accepted the testimony of defendant's witnesses that plaintiff was searched outside the store over plaintiff's version of a public search within. Accepting the District Court's evaluation of the credibility of the witnesses, which would apparently carry with it an acceptance of Harelson's version that upon his approach Banks expressly requested to be searched although the latter had not been nor was he ever accused of pilfering, we are unable to hold that manifest error was committed in the dismissal of plaintiff's action although we must frankly admit that the question is very close.
If Harelson's version of the incident is correct, then Banks expressly requested the search and touching of his person; nor was he detained against his will, nor was his right of privacy violated. While accusatory actions as well as specific charges of shoplifting may be slanderous, Sanders v. W. T. Grant Co., La.App. 1 Cir., 55 So.2d 89, we are unable to say that walking after a customer and calling "Hey, fellow"all that Harelson did without plaintiff's consent, according to his testimonyamounts to slander or is without the protection of the qualified privilege sometimes accorded on grounds of public policy to defamatory words or actions said or done in good faith pursuant to a legal or a moral duty, if the exercise of the privilege is reasonable under the circumstances of the case, 53 C.J.S. Libel and Slander § 89-97; 33 Am.Jur. "Libel and Slander", *723 Section 126; Kroger Grocery & Baking Co. v. Yount, 8 Cir., 66 F.2d 700, 709, 92 A.L.R. 1166, and Annotation, "Defamatory words spoken with regard to a customer's conduct as constituting actionable slander", 92 A.L. R. 1174. Any public attention to or publication of Harelson's bare suspicion would then have resulted from plaintiff's throwing up his hands and requesting the search and from his actions upon his re-entry into the store.
For the above and foregoing reasons, the judgment of the District Court is affirmed.
NOTES
[1] The right of a private person to make a lawful arrest is generally limited to instances where a felony has actually been committed and does not extend to instances where he merely suspects the commission of a felony or a misdemeanor, or even to those (such as the present is claimed to be) where he has probable cause to believe that a misdemeanor has been committed. LSA-R.S. 15:61; 6 C.J.S. Arrest § 8; 35 C.J.S. False Imprisonment § 23; 47 Am.Jur. "Searches and Seizures" Section 19; 4 Am.Jur. "Arrest" Sections 35, 38. It is to be distinguished from a reasonable detention of another pending arrival of an officer.

In the false or unlawful arrest, the detention is by reason of an asserted legal authority to enforce the processes of law; it is one means of committing a false imprisonment, although a false imprisonment (which includes an unreasonable detention) may be committed without an arrest. 35 C.J.S. False Imprisonment §§ 2, 6; 22 Am.Jur. "False Imprisonment", Section 3. The reasonable detention circumscribing one person's liberty in the protection of another person's equal right to be secure in property, in jurisdictions where permitted, is not dependent on the right to make a lawful arrest. 22 Am.Jur. "False Imprisonment" Sections 23, 78, 35 C.J.S. False Imprisonment § 21; although the right to search another's person is, according to the authorities cited in the text above.