152 So.2d 865 (1963)
Mrs. Lorraine Sabath COATES
v.
SCHWEGMANN BROS. GIANT SUPER MARKETS, INC.
No. 20619.
Court of Appeal of Louisiana, Fourth Circuit.
May 6, 1963.
Bernard A. Dempsey, New Orleans, for plaintiff and appellant.
Stone, Pigman & Benjamin and Ewell P. Walther, Jr., New Orleans, for defendants and appellees.
Before McBRIDE, REGAN and HALL, JJ.
McBRIDE, Judge.
Plaintiff took this appeal from the judgment dismissing her suit for damages based on an allegedly unlawful search and detention of her person by the employees of defendant's supermarket.
The employees on duty at the time testified on behalf of the defendant that the incident complained of did not occur and that they have no recollection of plaintiff. The defense testimony shows that inside the one entrance there is in plain view a large sign, approximately 3 feet by 6 feet containing red and green lettering about 6 inches high, instructing customers upon entering the store to check what packages they have without cost at a counter provided for such purpose.
Plaintiff brought into the supermarket two children's dresses enclosed in a paper bag which had been bought at another store. She failed to check the same. She denied any knowledge of the above-mentioned sign, although she had shopped in the supermarket for two years. After securing approval of her husband's paycheck, which she was desirous of cashing, and selecting two items of merchandise, she proceeded to the cashier's counter to pay for her purchases and leave the establishment. The *866 cashier asked what was in the bag plaintiff held and was told it contained two dresses which had been purchased elsewhere, but plaintiff refused to permit the cashier to see the contents of the bag. According to plaintiff and her witness, the cashier stated she could not take plaintiff's word for it and that a search of the bag was required; whereupon, she called the "floor lady" who removed the dresses from the bag, and after an inspection returned them to plaintiff with the comment "it's not our merchandise" and "she can go."
Plaintiff admits that both the cashier and the "floor lady" were polite, not hostile, and made no threats. Plaintiff's friend and witness testified that no one required plaintiff to remain at the counter and that she was free to leave whenever she pleased. This would support the testimony of the supervisor that instructions had been issued to the effect that cashiers are not to detain persons who refuse to permit inspection of packages brought from outside the store, but are to let them go through the line.
Plaintiff declares that the proceedings consumed about fifteen minutes and took place in the presence of several persons, and she claims she was subjected to inconvenience and great humiliation.
Whatever woes plaintiff suffered may be attributed to herself. The requirement of the operator of a "serve yourself store" that patrons are required to check parcels brought into the establishment is reasonable and its purpose is obvious. Had plaintiff obeyed the instructions appearing on the sign, the matter which forms the basis of her suit would never have happened. Moreover, there was no forcible detention of plaintiff's person nor were the contents of the bag examined against her will. When the floor lady appeared, plaintiff voluntarily handed over the package, thus tacitly consenting to its contents being removed. The consent of a plaintiff to acts which might have constituted an illegal detention of or search of his person bars his right to recover therefor. Banks v. Food Town, Inc., La.App., 98 So.2d 719.
The judgment is affirmed.
Affirmed.