242 So.2d 635 (1970)
Galon DURAND and Aline F. Durand
v.
UNITED DOLLAR STORE OF HAMMOND, INC.
No. 8148.
Court of Appeal of Louisiana, First Circuit.
December 21, 1970.
*636 John J. Cosner, Jr., Hammond, for appellant.
Henry D. Salassi, of Breazeale, Sachse & Wilson, Baton Rouge, for appellee.
Before LANDRY, ELLIS and BLANCHE, JJ.
BLANCHE, Judge.
This is an appeal by plaintiffs, Galon Durand and his wife, Aline Forrest Durand, from a judgment dismissing their defamation suit against defendant, United Dollar Store of Hammond, Inc. Plaintiffs allege that after they completed their shopping and left the defendant's store on April 3, 1969, they were stopped by Douglas Stout, manager of the store, on the sidewalk completely off the defendant's premises, at which time the store manager asked that they permit him to examine the contents of two paper bags, one being held by each plaintiff, during which incident the store manager wrongfully accused them of participating in the theft of a girdle. Defendant answered denying plaintiffs' claim and further specifically alleged that the store manager had a conversation with plaintiffs on the sidewalk and immediately in front of the defendant's store concerning an item which the store manager had seen the plaintiffs place in a bag while inside the store a short time before. Defendant averred that its store manager conducted himself in a reasonable and prudent manner, and his actions in discussing this matter with plaintiffs were not actionable but privileged under Louisiana Code of Criminal Procedure Article 215. At the conclusion of the trial, the case was taken under advisement, and in accordance with Written Reasons for Judgment, the trial court dismissed the suit. We affirm.
The trial judge summarized his findings of fact as follows:
"In this case the plaintiffs were shopping at the defendant's store located in the first block of East Thomas Street, Hammond, Louisiana, on April 3, 1969. Shortly after entering the store about 10:30 A.M. they came in contact with her niece. Jacob D. Stout, the manager of the store, says that while he was erecting a display on a ledge about 15 feet away from the point of contact in the store between the Durands and Margie Howell, he saw Miss Howell transfer to Mr. Durand an article in a plastic bag, which he thought was a girdle from the store's stock. A while later Miss Howell left the store, and Mr. Stout says he continued to keep the Durands under observation. When the Durands left the store they paid for a size 8 shirt, which they had purchased for their grandson. Thinking that Mr. Durand had the article in the brown paper bag which had not been declared at the checkout counter and paid for, he followed the Durands outside with the Durands saying that they had walked about 30 feet eastward to a point where they were adjacent to and in front of the adjoining business of Saik's Men Store, and Stout saying the Durands had walked only a few feet and were still in front of the defendant store, and upon reaching the Durands, Stout requested permission to look at the contents of the brown paper bag held by Durand while the Durands say he looked in both of their brown paper bags. In any event, Stout did not find the girdle or any other merchandise, which came from his store and had not been paid for. Mr. Durand said that Stout's conversation was mainly directed to him, but that he also looked in Mrs. Durand's bag. Stout's speech, estimated by Mrs. Durand to have extended for 7 to 8 minutes, by Mr. Durand some 3 or 4 minutes, did not involve accusatory language. However, the Durands contend that the mere request to examine the contents of the bags outside of the store was tantamount to Stout's accusing them of stealing, and that there were numbers *637 of people on this Thursday morning, who witnessed the episode, and that they were mortified and embarrassed by Stout's unwarranted action in accosting them and publicly holding them up to ridicule.
"Stout readily admits that he was mistaken in his suspicions, and presumed after the event that what he thought was being transferred from his stock to Mr. Durand by Miss Howell was actually a slip which had been previously purchased by the Durands at another store. At the time of the contact Mr. Durand, while speaking in normal tones, appeared to be `kinda' angry. Both Mr. and Mrs. Durand testified that Stout did not apologize, though Stout says he expressed his sorrow." (Written Reasons for Judgment, Record, pp. 18, 19)
Plaintiffs contend that the action of defendant's store manager constituted a defamation of their character and is, therefore, actionable. Plaintiffs further contend that the privilege or immunity sought to be invoked by defendant based on Louisiana Code of Criminal Procedure Article 215 is inapplicable to this situation because the alleged defamation and detention did not occur" on the merchant's premises."[1]
This Court had occasion in Simmons v. J. C. Penney Company, 186 So.2d 358 (La.App.1st Cir. 1966), to comment on whether the predecessor to the present Article 215 applied so as to afford the merchant a qualified privilege of detention for questioning where the detention occurred on the sidewalk immediately in front of the defendant's store rather than inside the store. This Court held in the Simmons case that under the circumstances of the case and the relative proximity of the suspected shopper and the storekeeper's employee at the time the suspicious circumstances occurred justified the conclusion that the detention on the sidewalk immediately in front of the defendant store could reasonably be encompassed within the phrase "on the merchant's premises":
"We believe that clearly Mrs. Simmons' actions form the basis for a reasonable belief on the part of Mr. Brock that she had committed a theft. We believe that the record further clearly indicates that Mr. Brock, after having observed the behavior of Mrs. Simmons, immediately started after her. The fact that he was only able to catch up with her immediately outside of the door to the store was doubtless caused by Mrs. Simmons' proximity to the door at the time she went through this suspicious series of motions, and the distance which Mr. Brock was from the counter and the door at the time he observed her making these motions. We further believe that the sidewalk immediately in front of the store, particularly that portion which was covered by the awning or roof extending out from the J. C. Penney Company store building, could be properly classified as a part of the premises of the defendant." (Simmons v. J. C. Penney Co., 186 So.2d 358, 362)
*638 In the Simmons case, we stated further that while the actions of defendant's employee might technically be classified as detention of the suspected shoplifter for purposes of questioning, this Court did not believe that the situation dealt with in that case was one envisioned by the statute and felt instead that what occurred was a simple inquiry by the employee which was reasonable in light of the plaintiff's prior actions and was, therefore, privileged:
"In addition, while the actions of Mr. Brock might technically be classified as a detention of Mrs. Simmons for purposes of questioning, we do not believe that this is the type of situation envisioned by the statute, but rather was a simple inquiry made by Mr. Brock, which inquiry was reasonable in the light of the prior actions of the plaintiff." (Simmons v. J. C. Penney Co., 186 So.2d 358, 362.)
Subsequently the Third Circuit Court of Appeal in Eason v. J. Weingarten, Inc., 219 So.2d 516 (La.App.3rd Cir. 1969), had occasion to determine whether the actions of an employee in requesting the plaintiff, whom he suspected of being a shoplifter, to return inside the store so the employee could talk to the plaintiff, after which the employee in a private room inside the store requested plaintiff to open her purse, rendered defendant liable in damages either for wrongful detention or for defamation, where the subsequent investigation revealed the plaintiff had not perpetrated a crime. The Court in Eason held that while the actions of the employee did not constitute a wrongful detention inasmuch as the plaintiff voluntarily agreed to re-enter the store, nevertheless, his request that she open her purse and his subsequent inquiry as to what she had done with an item of merchandise which the employee felt she had placed in her purse constituted an accusation that she had committed a theft, which accusation was false and defamatory. The Court held, however, that the accusation was reasonable under the circumstances and was made with probable cause, with the result that it was subject to a qualified privilege and did not render the defendant liable to the plaintiff for defamation. In reaching this conclusion the appellate court expressly pretermitted the question of whether the defendant was immune from liability by virtue of Louisiana Code of Criminal Procedure Article 215:
"We agree with the trial judge that plaintiff was not detained against her will, and that her right to privacy was not violated. See Banks v. Food Town Inc., 98 So.2d 719 (La.App.1st Cir. 1957); Coates v. Schwegmann Bros. Giant Super Markets, Inc., 152 So.2d 865 (La.App.4th Cir. 1963). The question remains, however, as to whether the statements made by Cummings to and about plaintiff were defamatory, and if so, whether defendants are liable to plaintiff for the damages she may have sustained as a result of those remarks.
"Although Cummings did not specifically accuse plaintiff of committing theft, we think his request that she open her purse and his subsequent inquiry as to what she had done with the bottle of Loving Care constituted an accusation that she had committed that offense. Such an accusation, whether true or false, ordinarily would cause the accused person to be embarrassed and humiliated. In this instance the accusation was false and defamatory, and plaintiff would be entitled to recover from defendants unless it is shown that the inquiries made by Cummings were reasonable and whether Cummings was justified in making them in the light of the prior activities of the plaintiff. Simmons v. J. C. Penney Company, 186 So.2d 358 (La.App.1st Cir. 1966).
"The applicable rule, we think, is set out in 32 Am.Jur.2d, False Imprisonment, Section 74, at p. 134, as follows:
`Ordinarily the owner of property, in the exercise of his inherent right to protect it, is justified in restraining another who seeks to interfere with or *639 injure it where the restraint or detention is reasonable in time and manner. Thus, where a person has reasonable grounds to believe that another is taking his property, he is justified in detaining the suspect for a reasonable length of time for the purpose of making an investigation in a reasonable manner. In such cases, probable cause is a defense, even though the injury which is about to be inflicted constitutes only a misdemeanor, for it is the existence of a reasonable ground to suppose that one's property is in danger which gives right to the protection. It follows that the owner of a store or other premises has a right to detain a customer or patron, for a reasonable time for a reasonable investigation, whom he has reasonable grounds to believe has not paid for what he has received, or is attempting to take goods without payment.'
"In Simmons v. J. C. Penney Company, supra, the plaintiff ran her hand across some brushes on a counter in the store, and then she suddenly raised her hand, pulled her overcoat tightly around her and walked out of the store. The manager observed her actions and, believing that she was a shoplifter, he stopped her on the sidewalk in front of the store and told her that he thought she had a brush under her coat. Plaintiff became offended at the accusation, and several people heard the discussion which followed. The plaintiff's demands for damages were rejected because the court found that the actions of the store manager were reasonable under the circumstances. The court said:
`We believe that clearly Mrs. Simmons' actions form the basis for a reasonable belief on the part of Mr. Brock that she had committed a theft.'
`In addition, while the actions of Mr. Brock might technically be classified as a detention of Mrs. Simmons for purposes of questioning, we do not believe that this is the type of situation evisioned by the statute [LSA-R.S. 15:84.5 and 84.6; now LSA-C.C.P. art. 215], but rather was a simple inquiry made by Mr. Brock, which inquiry was reasonable in the light of the prior actions of the plaintiff.'
"The facts in Banks v. Food Town, supra, were more favorable to a claim for damages than are the facts in the instant suit, and yet plaintiff's demands were rejected. There, an employee of the storekeeper accosted and searched a suspected shoplifter in the presence of other customers. In rejecting plaintiff's claim for damages, the court noted that the plaintiff had consented to the detention and search, and it held that the employee had acted in good faith pursuant to a legal and moral duty, that his actions were reasonable under the circumstances and that defendant was protected from liability by a `qualified privilege.'
* * * * * *
"In the instant suit we think Cummings had reasonable grounds to believe that plaintiff was taking the bottle of Loving Care without paying for it, and that he had probable cause to detain her for a reasonable length of time for the purpose of making an investigation. We have held that there was no detention here, since plaintiff voluntarily returned to the store and opened her purse, but Cummings' right to detain plaintiff included the right to inquire and investigate whether she had taken the item of merchandise which she had removed from the shelf and had not paid for. The evidence convinces us that Cummings' actions were reasonable under the existing circumstances. He exercised considerable care in preventing anyone else from overhearing the conversation which he had with plaintiff, and in protecting plaintiff from embarrassment. The entire investigation required only a minimal amount of time and we think it was conducted in a reasonable manner. Under those circumstances we agree *640 with the trial court's conclusion that plaintiff is not entitled to recover from defendants.
* * * * * *
"It is not necessary for us to consider the alternate plea of defendants that they are protected from liability by the provisions of Article 215 of the Louisiana Code of Criminal Procedure, since we have concluded that there was no detention here, and that defendants are not liable even without considering the protection provided by that article." (Eason v. J. Weingarten, Inc., La.App., 219 So.2d 516, 518-520)
See also Note, 25 La.L.Rev. 956, 958, Footnotes 10-12 and accompanying discussion (1965).
We adhere to the aforementioned views expressed by the Third Circuit Court of Appeal in Eason v. J. Weingarten, Inc., supra, to the effect that there exists in Louisiana a qualified privilege on the part of the storekeeper to make reasonable inquiry of a person whom the storekeeper has reasonable cause to believe has perpetrated a theft of its merchandise; whether otherwise actionable defamatory conduct enjoys such a qualified privilege depends upon the particular facts and circumstances surrounding the incident in question, including the nature of plaintiff's conduct and actions, and the nature, extent and content of the storekeeper's inquiry in response thereto. We wish to emphasize that whether liability attaches depends first upon whether the defendant had reasonable or probable cause to institute any inquiry or questioning of the suspected plaintiff, and secondly, the nature, extent, reasonability and circumstances attendant to the subsequent inquiry or questioning.
Under the facts of this particular case, we are satisfied that the trial court committed no manifest error in concluding that the defendant's store manager had reasonable or probable cause to justify his instituting the inquiry or questioning which took place. We are also satisfied that the defendant's store manager pursued the limited inquiry and questioning of plaintiffs reasonably, and it was not done in such an opprobrious manner as to forfeit the qualified privilege and render defendant liable in damages.
Plaintiffs rely on the case of Chretien v. F. W. Woolworth Company, 160 So.2d 854 (La.App.4th Cir. 1964), writ refused, 246 La. 75, 163 So.2d 356, but this case is inapplicable for the reason that the Court therein held the defendant storekeeper liable because defendant's employee did not have probable cause for the detention and accusations made therein, the employee not having personally witnessed any suspicious activities and having based his conduct instead only upon information he received from another customer:
"* * * In the Chretien case, supra, the court found that the manager of the store did not have probable cause to believe plaintiff a thief, since the only basis he had for making such a public accusation was on information furnished by a stranger whom he could not identify. The court held that `Public accusations reflecting upon another person's honesty must be based upon something more substantial than information furnished by a mere stranger.' (160 So.2d 856). In the instant suit, unlike the facts in either of the cited cases [the Chretien case and Wilde v. Schwegmann Bros. Giant Supermarkets, Inc., 160 So.2d 839 (La.App.4th Cir. 1964], the storekeeper had reasonable grounds on which to suspect the plaintiff, and the investigation was conducted in a reasonable manner." (Eason v. J. Weingarten, Inc., 219 So.2d 516, 520 [La.App.3rd Cir. 1969])
The judgment of the trial court is, accordingly, affirmed, with all costs assessed to plaintiffs-appellants.
Judgment affirmed.
NOTES
[1] The so-called Louisiana Merchant Detention Statute, formerly Louisiana Revised Statute 15:84.5 and 15:84.6, now Louisiana Code of Criminal Procedure Article 215, presently reads as follows:

"A peace officer, merchant, or a specifically authorized employee of a merchant, may use reasonable force to detain a person for questioning on the merchant's premises, for a length of time not to exceed sixty minutes, when he has reasonable cause to believe that the person has committed theft of goods held for sale by the merchant, regardless of the actual value of the goods. The detention shall not constitute an arrest.
"A peace officer may, without a warrant, arrest a person when he has reasonable ground to believe the person has committed theft of goods held for sale by a merchant, regardless of the actual value of the goods. A complaint made to a peace officer by a merchant or a merchant's employee shall constitute reasonable cause for the officer making the arrest."