PETERS, Judge ad hoc.
This is a suit for damages for false arrest, mental anguish, embarrassment, hu *516 miliation, and injury to reputation allegedly resulting from a shoplifting investigation in defendant’s shop. The lower court awarded damages of $500.00 and defendant appealed, contending defendant’s actions were privileged because defendant’s employees had reasonable cause to believe Nancy Guidry had shoplifted a ring and these employees acted reasonably in conducting the investigation.
The incident occurred in defendant’s store on January 18, 1975. The store is located in Northgate Mall in Lafayette. Nancy Guidry and her sister Lennie had gone to the store because Lennie wanted to buy a turquoise ring. Once inside the store, the girls approached a ring display rack located on top of a glass counter. Beryl Mouton, a sales girl for defendant, worked in a kiosk situated outside the store in the mall area where one of her job duties was to watch for shoplifters. She testified her attention was drawn to the Gui-dry girls because one of them was “looking around.” She stated she watched them carefully while they were in the shop and saw Lennie pull a card of turquoise rings from the display rack and Nancy pull a card of initial rings from the rack. She said she saw Nancy put one of the initial rings on her finger. Several minutes later Nancy and Lennie went to the cash register and paid Isom Fontenot, the store manager, for a turquoise ring Lennie had chosen. Miss Mouton immediately sent Linda Mor-vant, another sales girl, to ask Mr. Fonte-not if the Guidry girls had paid for an initial ring. He replied they had paid for only one ring — a turquoise ring — and Linda Morvant conveyed this message to Beryl Mouton, who approached the Guidry girls in the mall, touched Nancy Guidry on the arm to get her attention and then asked Nancy to come back into the store. One of the girls asked why Nancy should return to the store and Beryl replied it was concerning the ring Nancy was wearing that she had taken from the store. The Guidry girls returned to the store with Beryl where Mr. Fontenot asked the girls to follow him into a wrapping room in the back of the store. When they arrived in the small room Lennie demanded that Beryl point out the ring case from which the ring was allegedly stolen. Mr. Fontenot and the girls went to the ring case and when they arrived there Nancy showed Mr. Fontenot the initial ring Beryl had accused her of stealing. It was an initial ring Nancy had owned for several years. Mr. Fontenot examined the ring and discovered that it was not from his store. He asked the Guidry girls to return to the wrapping room with him. There, he told the girls Beryl had made a mistake and apologized for the incident.
The Guidry girls testified Nancy never touched any of the store’s rings while in the store. They testified Lennie was wearing a graduation ring and one other ring when she entered the store. She removed the rings she was wearing and handed them to Nancy so she could try on the turquoise ring she wanted to buy. Nancy was already wearing her initial ring. She held one of Lennie’s rings in her hand and she slipped Lennie’s graduation ring onto her finger. The Guidry girls stated that after they left the shop Beryl Mouton grabbed Nancy by the arm and started pulling her back toward the store, at the same time accusing Nancy of stealing the initial ring she wore on her finger. The Guidry girls said the accusations were made in such a manner that other shoppers in the mall area heard them. In most other respects the testimony of the Guidry girls regarding the incident coincided with that of the other witnesses.
It is well-settled that a merchant who has reasonable cause and not a mere suspicion, to believe a shopper has committed a theft of goods from his place of business may detain such a shopper and may conduct a reasonable investigation. LSA-C.Cr.P. 215; Eason v. 1. Weingarten, Inc. (La.App. 3rd Cir., 1969), 219 So.2d 516; Durand v. United Dollar Store of Hammond, Inc., (La.App., 1st Cir., 1970) *517 242 So.2d 635; Clark v. I. H. Rubenstein, Inc., La., 326 So.2d 497 (1976).
Although the trial judge handed down no written reasons for judgment, it is apparent he found either there was no reasonable cause for detention or the detention and investigation were carried out in an unreasonable manner. As already-pointed out, the evidence on these issues was conflicting. It was the duty of the trial judge to determine credibility and his factual findings will not be disturbed on appeal absent manifest error. Canter v. Koehring Company, La.App., 283 So.2d 716 (1973). Our review of the record discloses evidence upon which the trial judge could reasonably have reached either of the conclusions given above and we therefore will not disturb the lower court’s judgment.
For the reasons assigned, the judgment of the lower court is affirmed at defendant-appellant’s costs.
AFFIRMED.