336 So.2d 344 (1976)
Roy THOMPSON et al.
v.
Paul C. LeBLANC et al.
No. 10782.
Court of Appeal of Louisiana, First Circuit.
June 30, 1976.
Rehearing Denied August 27, 1976.
Writ Refused November 19, 1976.
*346 Walton J. Barnes, Baton Rouge, for appellants.
Gordon R. Crawford, Gonzales, for appellees.
Before LANDRY, COVINGTON and PONDER, JJ.
LANDRY, Judge.
Plaintiffs Roy and Bernice Thompson, husband and wife (Appellants), appeal from judgment dismissing their suit for damages for the alleged wrongful arrest and detention of Mrs. Thompson by defendant Larry LeBlanc (LeBlanc), employee of defendant Paul C. LeBlanc (Owner), principal shareholder of an establishment known as Janice LeBlanc's Style Shop (Shop), for suspected shoplifting. We affirm.
Although the testimony of the numerous witnesses called at the trial is conflicting in some respects, the trial court has favored us with excellent oral findings of fact dictated into the record. We are in agreement with these findings which are substantially as follows:
Early in the afternoon of July 11, 1973, Mrs. Thompson and her children, Joyce, aged 16, Donald, aged 15, and Roy aged 11, were shopping at the Gonzales Mall, Gonzales, Louisiana, in which the Shop is located. They entered the Shop, an establishment dealing primarily in women's apparel, to purchase clothing for Joyce who was contemplating a school trip. The daughter tried on and ultimately purchased three pairs of pants and one top or blouse, which items were admittedly paid for and delivered to the purchaser in one of the Shop's distinctive pink bags by Shop employees. It appears that the other members of the family entertained themselves during the shopping episode, either by looking at the merchandise in the store or assisting Miss Thompson in making her selections.
When the Thompson family entered the Shop, Mrs. Janice LeBlanc, Owner's wife, and an employee, Irene Gregoire were having lunch in the Shop office situated at the rear of the establishment. The evidence preponderates to the effect that when the Thompsons came into the Shop, there were no customers in the establishment. It is also shown that in addition to Mrs. LeBlanc and Mrs. Gregoire, two other employees were present. The office was equipped with a two way mirror through which its occupants could view the interior of the establishment. Mrs. LeBlanc and Mrs. Gregoire observed the Thompsons enter the store together and immediately separate, in which circumstance they were trained to suspect a possible shoplifting incident, especially since Mrs. Thompson was carrying a large purse. Through the mirror they observed as Mrs. Thompson looked through a rack of swim suits located near the front entrance while at the same time opening her purse. At this same time, one of the Thompson boys passed between his mother and the mirror, apparently while Mrs. Thompson was either opening or fingering her purse, which circumstance caused Mrs. LeBlanc and Mrs. Gregoire to believe they saw Mrs. Thompson place a swim suit in her purse. Either Mrs. LeBlanc or some other personnel of the store immediately checked the swim suit rack and found an empty hanger where Mrs. Thompson had been looking at the swim suits.
In accordance with Owner's standing instructions, Mrs. LeBlanc telephoned Larry LeBlanc, who was employed in another of Owner's shops located across the mall of the shopping center, and requested that he come to the shop immediately. LeBlanc arrived while the Thompsons were still in the store. He immediately telephoned and requested the police to send someone to investigate the incident. He kept the Thompsons under observation until the Thompsons left the store approximately five minutes after LeBlanc phoned for the police. He watched as the Thompsons exited the Shop and crossed the mall to a fabric store situated directly across from the Shop. The Thompsons remained in the fabric shop for 5 to 10 minutes and re-crossed the mall to visit a card and novelty store next to the Shop.
*347 After completing her visit to the card shop, Mrs. Thompson, accompanied by the children, proceeded to leave the mall in the direction of the parking lot. En route to the parking lot, Mrs. Thompson again passed the Shop, at which point LeBlanc realized she would leave the premises before the police arrived. As Mrs. Thompson neared the front door of the Shop, LeBlanc approached Mrs. Thompson and requested that she return to the shop so that the ladies there could look into her purse because they suspected her of shoplifting. Mrs. Thompson reacted with surprise and disbelief because she at first did not think LeBlanc was addressing her. LeBlanc then repeated his request whereupon Mrs. Thompson protested her innocence and refused to re-enter the Shop. Upon the urging of her children, particularly the daughter who suggested that her mother should prove her innocence, Mrs. Thompson voluntarily re-entered the Shop.
It is conceded that LeBlanc did not threaten, coerce or attempt to intimidate Mrs. Thompson in any manner whatsoever. It is also admitted that he used no abusive language and did not threaten Mrs. Thompson with arrest.
Mrs. Thompson was understandably upset over the accusation. LeBlanc opened the door of the Shop for Mrs. Thompson who proceeded immediately to the check out counter where, without further request from Shop personnel, she removed several large items from her purse, placed them on the counter, and emptied the remaining contents onto the counter. Mrs. LeBlanc or some other Shop personnel examined the purse but found nothing incriminating, either in the purse or on the counter. Mrs. LeBlanc apologized for the inconvenience caused Mrs. Thompson. Mrs. Thompson then asked Mrs. LeBlanc to identify herself, and upon learning Mrs. LeBlanc's name, Mrs. Thompson told Mrs. LeBlanc she would hear from Mrs. Thompson's attorney. With that, Mrs. Thompson left the establishment. At no time did the police appear at the scene. The record establishes conclusively that except perhaps for the Thompson children, Mrs. Thompson was the only person other than Shop personnel in the shop when she entered the store at LeBlanc's request. The evidence is conflicting whether the Thompson children followed their mother into the establishment. Mrs. Thompson and the children testified that the children did accompany their mother when she re-entered the Shop. Mrs. LeBlanc, LeBlanc, Mrs. Gregoire and one or two other employees testified that Mrs. Thompson entered the Shop alone.
The trial court concluded that LeBlanc was authorized by Owner to detain and question suspected shoplifters and that the detention in question was privileged because LeBlanc acted with probable cause and exercised reasonable measures under the circumstances.
Appellants contend that the trial court erred in the following determinations: (1) holding that probable cause existed when the detention was made by a party without personal knowledge of the events upon which the detention was based; (2) holding that the search was reasonable notwithstanding that it was conducted in a public area of the Shop instead of in the privacy of the office or some other non-public area of the Shop; and (3) holding that the detention was privileged even though it was not made on the premises but in a public area of the shopping center.
Defendants invoke the privilege extended shopkeepers pursuant to La.Code Crim.Pro. Art. 215 which pertinently provides:
"Art. 215. Detention and arrest of shoplifters
A peace officer, merchant, or a specifically authorized employee of a merchant, may use reasonable force to detain a person for questioning on the merchant's premises, for a length of time not to exceed sixty minutes, when he has reasonable cause to believe that the person has committed theft of goods held for sale by the merchant, regardless of the actual value of the goods. The detention shall not constitute an arrest."
*348 The relevancy of Article 215, above, is best explained in Official Revision Comment (e) thereto, which states:
". . . If the detention is authorized under the first paragraph, immunity from both criminal and civil liability will naturally follow. If the peace officer, merchant, or employee does not comply with the terms of the first paragraph, the detention will not be authorized and there should be no immunity."
To meet the requirements of an authorized detention, as defined in Article 215, above, it must be shown: (1) The person effecting the detention must be a peace officer, a merchant or a specifically authorized employee of a merchant; (2) The party making the detention must have reasonable cause to believe that the detained person has committed theft; (3) Unreasonable force not be used in detaining the suspect for interrogation; (4) The detention must occur on the merchant's premises; and (5) The detention may not last longer than sixty minutes.
The testimony supports the trial court's finding that LeBlanc was authorized by Owner to detain customers suspected of shoplifting. Mrs. LeBlanc and Mrs. Gregoire testified they were under standing orders from Owner to call Mr. LeBlanc, who worked in another of Owner's shops across the mall, whenever the employees of the Shop suspected an incident of shoplifting. The testimony also shows that these ladies had in fact called Mr. LeBlanc for such purpose on many prior occasions, all of which testimony was fully corroborated both by Owner and LeBlanc.
As did the trial court, we find LeBlanc had reasonable and probable cause to suspect that a theft had occurred. Considering the circumstances, including the facts that Mrs. Thompson was carrying a very large purse, that she was observed handling the bathing suits, that the Shop employees saw what they considered a suspicious move by Mrs. Thompson and that an empty hanger was seen on the rack after Mrs. Thompson left the area where the bathing suits were displayed, we find it reasonable that the employees suspected a theft had occurred.
On authority of Chretien v. F. W. Woolworth Company, La.App., 160 So.2d 854, appellants maintain that LeBlanc did not have reasonable cause for detention because he lacked personal knowledge of the events which gave rise to the suspicion of shoplifting. Appellants argue that the statute authorizes a peace officer, merchant, or authorized employee of a merchant to make a detention when the detaining party has reasonable cause to believe a theft has occurred. Appellants also note that Article 215, above, provides that a complaint to a peace officer by a merchant or his employee, constitutes reasonable ground for a peace officer to make a detention, but that the statute has no similar provision authorizing an employee of a merchant to make a detention upon the complaint or report of another employee. On this basis, it is argued that LeBlanc did not have reasonable cause to suspect a case of shoplifting because he did not have personal knowledge, but acted instead upon information of another employee.
We find the Chretien case, above, distinguishable on the ground that said authority involved a detention made on the complaint of a stranger, whereas here, an authorized employee effected the detention upon a complaint from fellow employees who actually witnessed the incident. Our jurisprudence holds that a merchant or his authorized employee may rely upon the report or complaint of an employee regarding a suspected incident of shoplifting and that a detention under such circumstances is within the purview of the applicable statute. Lasseigne v. Walgreen, La.App., 274 So.2d 480; Cannon v. Goudchaux's, Inc., La.App., 255 So.2d 243; Williams v. F. W. Woolworth Co., La.App., 242 So.2d 16.
Appellants' suggested interpretation of the applicable statute would render the law ineffective in large measure. If an employee authorized to make detentions in cases of this nature were restricted to instances *349 based on personal knowledge of the suspected offense, merchants would be placed under an unconscionable disadvantage in the protection of their goods against theft. We find the evident intent of the statute to be to provide shopkeepers and merchants a reasonable means of protecting their goods against theft, compatible and consistent with the constitutionally guaranteed protection of patrons and customers from unreasonable detention and search for suspected crime. We find that an employee authorized to make detentions in cases of this nature acts with reasonable cause when he detains a person upon complaint of a fellow employee.
We find that LeBlanc acted reasonably in the manner in which he detained Mrs. Thompson. It is conceded he never touched or threatened Mrs. Thompson but that he politely requested her to return to the Shop and advised her that the reason for his request was that she was suspected of shoplifting. On Mrs. Thompson's refusal, LeBlanc made no further request and Mrs. Thompson's decision to re-enter the establishment was made upon the urging of her children that she establish her innocence of the charge. It is also shown that Mrs. Thompson hastily entered the store ahead of LeBlanc who held the door open for her. She proceeded directly to the check-out counter where she immediately emptied her purse before anything was said by LeBlanc or any other employee of the establishment. There were no other customers in the Shop, save the possible exception of the Thompson children. That the incident occurred in a public portion of the shop under these circumstances, does not constitute unreasonableness on the part of the employees involved. Durand v. United Dollar Store of Hammond, Inc., La.App., 242 So.2d 635.
Finally, the fact that the detention occurred in front of the Shop and not within the store does not defeat the merchant's statutory privilege. The record establishes that the detention occurred on a sidewalk or walkway within a few feet of the door of the Shop. The area in question was part of a shopping center complex belonging to a corporation of which Owner was major stockholder. It also appears that Owner's lease of the Shop required Owner to maintain the sidewalk or walkway in question. Sidewalks immediately in front of a merchandising establishment are considered part of the premises for purposes of application of La.Code Crim.Pro. Art. 215. Durand v. United Dollar Store of Hammond, Inc., above; Eason v. J. Weingarten, Inc., La.App. 219 So.2d 516; Simmons v. J. C. Penney Company, La.App., 186 So.2d 358.
The judgment of the trial court is affirmed, all costs of these proceedings to be paid by Appellants.
Affirmed.