Dear Mr. Ciaccio:
Your request for an Attorney's General's opinion concerning the contracting of a private or public security company to serve the Lakeview area has been forwarded to me for research and reply. In your opinion request you asked the following question:
 Is there any prohibition which prevents any individual or entity, private or public, that contracts with the Lakeview Crime Prevention District for the provision of security patrols in the district, other than the New Orleans Police Department, from performing an investigatory stop based upon reasonable suspicion that a crime:
(1) is about to be committed,
(2) is being committed,
(3) or has been committed,
 and to detain said suspect until the New Orleans Police Department arrives on the scene to make an arrest?
The Louisiana Constitution states that a "person shall be secure in his person . . ., and effects against unreasonable searches, seizures, or invasions of privacy." La. Const., Art. 1, § 5. In order to protect this individual right the legislature enacted Code of Criminal Procedure Article 215.1. This article establishes the guidelines for detaining and searching a suspect without a warrant.
The article states, "A law enforcement officer may stop a person in a public place whom he reasonably suspects is committing, has committed, or is about to commit an offense . . . ." C. Cr. P. Art. 215.1. For the right of detention to extend to a private or public security officer, the definition of a "security officer" must equate to that of a "law enforcement officer." La. Atty. Gen. Op. No. 82-695.
Also, La. R.S. 40:2402 defines a "peace officer" as:
 "any full-time employee of the state, a municipality, a sheriff, or other public agency, whose permanent duties actually include the making of arrests, the performing of searches and seizures, or the execution of the criminal warrants, and is responsible for the prevention or detection of crime or for the enforcement of the penal, traffic, or highway laws of this state . . . ."
Attorney General Opinion number 82-1125 stated, "peace officers are individuals who have substantial contact with the public in the performance of law enforcement related duties . . . as defined in La. R.S. 40:2402." As a result, a "law enforcement officer" is synonymous with a "peace officer." La. Atty. Gen. Op. No. 82-695.
Title 37 of the Louisiana Revised Statutes deals with professions and occupations in the State of Louisiana. In particular, La. R.S. 37:3272 (18) provides a definition and a list of duties for a "security officer." Although, the list is not exclusive, it does remain consistent in the fact that all the duties of a security officer are preventive. The duty of a private or public "security officer," is to deter crime by his presence. The Attorney General defines a "private" security officer's duties as "preventive." La. Atty. Gen. Op. No. 90-277. Since, a "private" security officer and a "public" security officer conduct the same duties, this definition also applies to a "public" security officer. As a result, the terms "private security officer" and "public security officer" are synonymous.
In conclusion, a "security officer" is not allowed to conduct the duties of a "peace officer," unless they pass the "law enforcement training course" and are employed as a "peace officer." La. Atty. Gen. Op. No. 90-277 La. R.S. 40:2402. As a result, a "security officer" with reasonable suspicion that a crime is about to be committed cannot make an investigatory stop. The right to conduct an investigatory stop in this situation is reserved to a "peace officer" or a "law enforcement officer."
Next, may a "security officer" make a stop when he has reasonable suspicion that a crime is being, or hasbeen, committed? When making an investigatory stop a "security officer" has no greater rights than a private person. La. Atty. Gen. Op. No. 90-277. The Code of Criminal Procedure Article 214 states, "A private person may make an arrest when the person arrested has committed a felony, whether in or out of his presence." Therefore, a "security officer" with probablecause may stop, and detain a person for a felony
that has been committed. Banks v. Food Town, Inc.,98 So.2d 719, (La.App. 1st Cir. 1957).
Although, C. Cr. P. Art. 214 states, ". . . when the person arrested has committed a felony, . . ." the article will allow a stop while a felony is in progress. For example, the Supreme Court allowed the stop and detention of a person trying to obtain a meal from a restaurant with intent to defraud, in violation of La. R.S. 21:21. Keys v. Sambo's Restaurant,Inc., 398 So.2d 1083, (1981). Justice Lemmon's concurring opinion, stated that the restaurant manager "had reasonable grounds to believe plaintiff was attempting to procure food without paying for it and with intent to defraud." As a result, the restaurant manager acted reasonably when he stopped the defendant during his attempt to conduct the illegal activity. Under similar facts a "security officer" may stop or detain a person when a felony is being committed.
In conclusion, a "security officer" with reasonable suspicion that a crime is about to occur may not conduct an investigatory stop of a suspect. However, a "security officer" with probable cause may conduct a stop of a suspectafter or during the commission of a felony, and the "security officer" may detain that person until the New Orleans Police Department arrives.
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 By: ___________________________ Robert L. Odinet Assistant Attorney General
RECEIVED: January 30, 1998 RELEASED:
Robert L. Odinet Assistant Attorney General